GOODMAN v. SANGER BROS. (No. 8780.)

(Court of Civil Appeals of Texas. Dallas. March 17, 1923. Rehearing Denied April 14, 1923.)

1. **Account, action on** ⬥13—**Suit held one on verified account.**

Suit against retailer to recover price of merchandise *held* one on a verified account.

2. **Account, action on** ⬥11—**Verified account held not to establish debt.**

A verified account against G. & Fisher Company did not establish a debt against G., an individual.

3. **Judgment** ⬥126(1)—**Default not supported by verified account.**

A suit on a verified account for merchandise *held* an unliquidated demand, and it was error for the court to render default judgment fixing the amount without hearing evidence as to the damages.

4. **Account, action on** ⬥14—**Evidence held insufficient to fix damages against defendant.**

In an action on verified account where defendant, an individual, defaulted, evidence, consisting of a statement of financial condition signed by defendant, *held* not to fix any damages against defendant, where the verified account purported to be that of a firm.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Action by Sanger Bros. against Abe Goodman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Love & Rutledge, of Dallas, for appellant. J. H. Synnott, of Dallas, for appellee.

JONES, C. J. Appellee Sanger Bros., a corporation, filed this suit against Abe Goodman, appellant, in the county court of Dallas county, on a verified account for merchandise alleged to have been sold to Abe Goodman. The verified account attached to appellee's petition showed a claim in the sum of $617.16. When the case was called for trial, no answer had been filed by appellant,

and no appearance was made for him, and judgment by default was formally taken against him for said amount. The evidence offered was a verified account and the signed statement set out below. This judgment was taken in the lower court on September 13, 1921. On September 15, 1921, appellant filed an answer consisting of a general demurrer and a general denial. On the same day he filed his original motion for a new trial. The original motion, as grounds for a new trial, alleged that the judgment was contrary to and not supported by the law, had no evidence to support it, and was contrary to all of the evidence in the case. On October 31st, he filed his amended motion for a new trial, amplifying the grounds set out in his original motion, and alleging as a fact that the debt forming the basis for the suit was the debt of Goodman & Fisher Company and was not the debt of appellant. This motion was not verified. Appellee alleges in its petition that Goodman & Fisher Company was a corporation.

Reversal of the case is sought solely upon the ground that the suit is not a suit on a liquidated demand, in that the verified account attached to appellee's petition and offered in evidence is not a verified account as against appellant, and that there was no basis in the evidence offered upon which the court could assess damages in this character of a default judgment.

The verified account is addressed to Goodman & Fisher Company and not addressed to appellant. This, however, is immaterial, and, if it stood alone, it would not necessarily follow that the account was the account of Goodman & Fisher Company and not the account of appellant as alleged in the petition. The affidavit, however, attached to the account, shows that it was the account of Goodman & Fisher Company, and not the account of appellant. This affidavit is as follows:

"The State of Texas, County of Dallas:

"Before me, the undersigned notary public, on this day personally appeared W. T. Andress, who, having been duly sworn by me says on oath that he is bookkeeper and agent of Sanger Bros., and that the foregoing account in favor of Sanger Bros., against Goodman & Fisher Company, showing a balance due in favor of Sanger Bros., in the sum of $617.16, is, within the knowledge of affiant, just and true, that it is due and unpaid, and that all just and lawful offsets, credits and payments have been allowed.            W. T. Andress, Affiant."

Looking to this affidavit, there can be but one conclusion drawn, and this is that affiant swears that Goodman & Fisher Company was indebted to appellees in the sum of $617.16. There is no affidavit that Abe Goodman, appellant, was indebted to appellee in any sum whatever. It is urged that before these goods were sold, Goodman executed a written instrument to Sanger Bros., that shows it was his debt and not the debt of Goodman & Fisher Company. This written instrument was introduced in evidence, and it is urged that this is sufficient to cure any defect in the affidavit to the verified account. This instrument was on a printed blank of appellee's, and the only writing was the name of Abe Goodman and the items of assets and liabilities set out therein. The instrument is as follows:

"Credit Department.

"Statement made this 10th day of Sept. 1917, to Sanger Brothers, Dallas, Texas, by A. Goodman, of the firm of Goodman & Fisher Company, Town of Luling, State of Texas:

"Assets.

"Cash value of stock in store, as Jan. 1st, $8,000.00.

"Cash value of stock in transit, fix., $2,400.00.

"Amount of notes considered good, $3,600.00.

"Liabilities.

"For merchandise to sundry, $900.00.

"What line credit do you want? $600.00 to $800.00.

"The above is a true and accurate statement of assets and liabilities of the undersigned, and is made for the purpose of obtaining credit based on purchases from Sanger Brothers, and the same shall stand good for all subsequent purchase or purchases. In the event of any material change in the financial condition of the undersigned, notice in writing shall immediately be given to Sanger Brothers, which notice shall contain an accurate and complete financial statement, otherwise all subsequent purchases to be made on the faith of the above statement, and our failure to do so shall mature all accounts and notes due Sanger Brothers by the undersigned.

"It is hereby agreed that all purchases made from Sanger Brothers by the undersigned are payable in Dallas, with interest at ten per cent. per annum from maturity of bill, and 10 per cent. on any unpaid amount for attorney's fees if placed with an attorney for collection.

"Sign here full name of firm: Abe Goodman.

"Insurance: On Stock, $8,700.00."

Bearing in mind that this instrument is on a printed blank, it appears plain to us that this is merely a statement of the financial condition of the Goodman & Fisher Company and is not a statement of the financial condition of appellant; also, that it was made for the purpose of creating an indebtedness in favor of Goodman & Fisher Company, and on its liability and not for the purpose of creating an indebtedness in favor of appellant. Appellee so construed this instrument, as appears from the verified account; the goods being charged to Goodman & Fisher Company and not to appellant, and the bookkeeper swearing that the itemized statement is a correct statement of the account of Goodman & Fisher Company and nowhere connects appellant with the account.

[1-4] We therefore hold: First, that as

against appellant this was a suit on a verified account and that the verified account offered in evidence did not establish the debt as against appellant; second, this being a suit on an unliquidated demand, it was necessary for the court to hear evidence as to the damages before he could render judgment fixing the amount of same; and, third, that the evidence offered is not sufficient under the statute to fix any damages against appellant, and the case is therefore reversed and remanded.

Reversed and remanded.