## FRANK GILDART v. BENJAMIN GRUMBLES.

It is the right of a defendant, by plea in abatement, to force the plaintiff to state in his petition his true place of residence.

But when the jury have found in favor of the defendant, upon such plea in abatement, and the court order that the plaintiff "have leave to amend and plead over at once, and unless the same be done, that his suit be dismissed;" to which ruling of the court there was no objection by the defendant, but the amendment being made by the plaintiff, and the defendant's exception to the same overruled, he announced himself "ready for trial on the merits," and the jury found a verdict upon the merits in favor of the plaintiff; it is too late for the defendant to object, upon a motion for a new trial, that the court should have given judgment in his favor, upon the plea in abatement; especially, when it does not appear that he was taken by surprise, thrown off his guard, or otherwise injured, by the action of the court in proceeding to trial.

The defendant could waive his right to have the petition dismissed, (if such right he had, which, however, is not decided,) and permit the petition to be corrected by amendment, notwithstanding the verdict in his favor; and this being matter dilatory in its character, and not going to the foundation of the action, on the merits, the defendant must be presumed to have waived his right to have the petition dismissed, unless he objected to the action of the court at the proper time.

APPEAL from Travis. Tried before the Hon. Alexander W. Terrell. This was a suit, brought by the appellee against the appellant, in the District Court, commenced on May 29th, 1858. The petition alleged, that the plaintiff resided in the county of Travis, where the suit was instituted. The defendant pleaded in abatement, that the plaintiff was not at the time of filing said plea, nor at the commencement of the suit, a resident citizen of the county of Travis, nor of the State of Texas, but was, and is, a citizen of the kingdom of Great Britain. There were also other defences set up by the defendant's answer, to the merits of the case. The court submitted the issue to a jury, as to the fact of the plaintiff's residence, under the plea in abatement. The jury returned a verdict, that the plaintiff was not a resident of Travis county at the date of the institution of the suit. Leave was granted to the plaintiff to amend

his petition; and the court adjudged upon the verdict, that the plaintiff "plead over at once, and unless the same be done, that his said suit be dismissed." Thereupon, the plaintiff amended his petition, alleging his residence to be in Scotland, in the kingdom of Great Britain. The defendant filed exceptions to the sufficiency of the petition as amended, which being overruled, the parties announced themselves ready for trial. Verdict and judgment for the plaintiff. The defendant moved for a new trial, because the court refused to give judgment in favor of the defendant, when the jury returned a verdict in his favor on the plea in abatement; and after the said verdict was returned, allowed the plaintiff to amend his petition. There were other grounds stated, but, in the view of the case taken by the court, and from the fact that the transcript contained neither bill of exceptions, nor statement of facts, they need not be recited.

*Alexander*, for appellant. The verdict having been found in favor of the plea, judgment should have been rendered accordingly. (Stephen on Plead. 104; 3 Chitty's Plead. 1143.)

ROBERTS, J. The object of the plea in abatement, was to enforce the legal right of the defendant, under the statute which requires that the petition shall state "the names of the "parties and their *residence*," &c. (Hart. Dig. Art. 671.) The truth of the plea having been found by the verdict of the jury to whom it was submitted, the court for the purpose of securing the object, thus contemplated, made a peremptory order, that the plaintiff "have leave to amend and plead over at once, and unless the same be done, that his said suit be dismissed." By this order, the court indicated the opinion, that it was proper to give the defendant the benefit of his right (to have the plaintiff's true residence stated) by forcing an amendment of the petition in this suit, after such a verdict, finding the true residence, as well as by dismissing this petition and leaving the party at liberty to file another. It does not appear that defendant made any objection to such alternative thus presented,

by moving for a direct judgment on the verdict, or by filing exceptions to the action of the court, in permitting an amendment after verdict. Nor does it appear that the defendant was taken by surprise, or thrown off his guard, or otherwise injured, by the action of the court in proceeding to trial; but he again excepted to the petition, as amended, and upon his exception being overruled, announced himself "ready for trial "on the merits." The record does not exhibit any objection to the course pursued by the court in enforcing an obedience to the statutory direction, intended for the defendant's benefit, until after the trial of the cause upon its merits. Then, for the first time, an objection is made to the ruling of the court, in not rendering a judgment upon the verdict on the plea in abatement, by a motion for a new trial, assigning this as one of the grounds.

Such is the state of the record as presented to us, whatever may have been the facts as they transpired at the time of trial.

We do not now say that the court should, or should not, have dismissed the cause, upon the verdict of the jury, on the plea in abatement, in favor of the defendant; for that is a point in the case we have not determined. The defendant could certainly waive his right to have the petition dismissed, (if such right he had,) and permit the petition to be corrected by amendment, notwithstanding the verdict in his favor. So far as his interest was concerned, it was merely a question of time and cost, whether he should so waive it. If, then, it be admitted, that he had the right to have the suit dismissed, the action of the court must have been predicated, either upon his supposed willingness to waive it, or upon the judge's opinion, that he had no such right. In either event, it was the duty of the defendant to have spread upon the record, by exception, motion, or otherwise, his objection to the direction given to the case by the court, in such way as to have caused a direct decision upon the question, of what was the legal effect of the verdict. This being a matter dilatory in its character, and not going to the foundation of the action on the merits, the right of the party

2

must be presumed to have been waived, unless it had been objected to in some way, and that objection placed on the record at the proper time. (Pool v. Picket, 8 Tex. Rep. 122; Williams v. Baile, 9 Tex. Rep. 61; Cox v. Giddings, 9 Tex. Rep. 44; Howard v. North, 5 Tex. Rep. 290; De Witt v. Miller, 9 Tex. Rep. 239.)

Judgment affirmed.