WALTER GRESHAM V. MRS. JOHN J. HARCOURT, ADMINISTRATRIX.

No. 813. Decided December 4, 1899.

**1. Surviving Partner—Winding Up Business.**

A surviving partner who has exercised reasonable diligence in the care, management, and disposition of the estate, is not liable for its depreciation, nor chargeable with its value at the time of his partner's death. (P. 157.)

**2. Same—Error Invited by Party Complaining.**

The measure of liability of a surviving partner rightly administering the property being neither value at the date of the partner's death nor that at the date of the sale by the survivor, objection of defendant to proof of value at latter date, on the ground that value at date of death was the test, did not estop him from urging that he should be held for value at neither date, but only for amount realized. (Pp. 157, 158.)

**3. Partnership—Note—Limitation—Lien.**

A note given by one partner to another, for indebtedness outside the partnership transactions, is barred by the statutory period of limitation, though secured by a lien upon the maker's interest in the partnership property, which the holder could not enforce during the existence of the partnership. (Pp. 158, 159.)

**4.  Limitation—Pledge—Lien—Surviving Partner.**

Though the limitation which bars an action does not extinguish the debt, nor destroy the right to sell without suit a pledge securing it, nor, perhaps, prevent the creditor from appropriating to payment of the debt the proceeds of property lawfully coming into his hands on which he had a lien for such debt, this principle can not be invoked by a surviving partner, whose possession, being by operation of law and not by agreement of the parties, is not that of a pledgee.  (P. 159.)

**5.  Offset—Claims in Different Capacities.**

In a suit against a surviving partner by the administratrix of the deceased partner for settlement of the affairs of the partnership, defendant can not maintain a cross-action on a claim against plaintiff individually.  (P. 159.)

**6.  Surviving Partner—Charges and Credits.**

A surviving partner who is charged, in the settlement, with partnership funds which came to the hands of the widow of deceased and were expended by her for the benefit of the partnership property, should, at the same time, receive credit for such expenditures.  (P. 160.)

**7.  Surviving Partner—Advancements—Interest.**

A surviving partner settling the business, when by the terms of the partnership contract he was to be allowed interest upon advancements made for the firm, is entitled to such interest after, as well as before, his partner's death.  (P. 160.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Suit was brought by Mrs. Harcourt, administratrix, against Gresham, surviving partner of deceased. Plaintiff had judgment which on defendant's appeal was increased and affirmed, and appellant obtained writ of error.

*S. W. Jones* and *Gresham & Gresham*, for plaintiff in error.—Where one partner during the existence of the partnership becomes indebted to the other in an amount for which he executes to his copartner his promissory note due one year after date and secures the payment thereof by a lien on his interest in the partnership property, and at the same time, and as a part of the same transaction, it is agreed that the partnership shall continue for three years, no suit for the collection of said note and enforcement of the lien can be brought during the existence of the partnership without an accounting and a dissolution of the partnership, and the statute of limitation does not run against said note during the existence of such partnership. The law is well settled that a suit between partners involving an accounting can not be brought during the existence of the partnership, nor will the statute of limitation run against a claim affecting partnership property until the partnership has been dissolved. A complete cause of action on the obligation of July 5, 1888, did not exist until the expiration of three years. If the defendant had brought suit and enforced his rights under this obligation it would have resulted in a sale of Harcourt's interest in the ranch, and thereby necessarily dissolved the partnership, which would have been contrary to the stipulations in the agreement entered into at

the same time the note was given.  2 Lindl. on Part., 1029; Pars. on Part., sec. 309; Clay v. Freeman, 118 U. S., 97.

We do not deny the general proposition stated by the Court of Civil Appeals "that a partner may sue his copartner where the cause of action is not connected with the partnership accounts and their consideration is not involved." But we do contend that under the terms of the note, the credits from time to time indorsed thereon, the lien upon Harcourt's interest in the partnership property therein reserved, and the continuance of the partnership until Harcourt's death in October, 1893, appellant's rights under the note were so connected with the partnership that they could not have been established or enforced in the court except by an accounting and a dissolution of the partnership. Under the facts shown the note can not be considered "a matter of business not connected with the partnership."

Where a partner who has charge of the partnership property dies, and the surviving partner uses due diligence to sell the partnership property, and does sell it at the best price and upon the best terms he can obtain, the survivor is chargeable for what he received from such property and not with the value of the property at the date of the death of the deceased partner.

The duties of the surviving partner in winding up the partnership business are no greater than those of a trustee. He is not an insurer of the value of the partnership property at the date of the dissolution, and where he uses due diligence in the disposition of the property and is guilty of no fraud, he is only chargeable for what he received for the property. The surviving partner is, from the death, trustee for all concerned in the partnership (Parsons on Partnership, section 345 and notes), and must settle the estate on equitable principles (Id., section 350); and that he has full powers to so wind up and settle the partnership business seems to be the universal doctrine as laid down by all the authorities. Fulton v. Thompson, 18 Texas, 287; Emerson v. Senter, 118 U. S., 8; Aiken v. Jefferson, 65 Texas, 145; Minter v. Burnett, 90 Texas, 253; Story on Part., secs. 344, 347; Lindl. on Part., 1046 (411, 1039); 17 Am. and Eng. Enc. of Law, 1159 and notes; Moore v. Huntington, 17 Wall., 423.

In view of the allegations and prayer of appellee's petition and amended petition and the action of the court in overruling appellant's plea of privilege on the ground that the suit was for a partition of property, we confidently submit that the judgment of the District Court and the amended judgment of the Court of Civil Appeals, charging appellant with the value of the partnership property at Harcourt's death, was not supported by the pleadings, and "is violative of the fundamental principle that the judgment must conform to the pleadings." Cooper v. Conerty, 83 Texas, 135; Maddox v. Summerlin, 50 S. W. Rep., 567; Flores v. Smith, 66 Texas, 115.

The court erred in holding that appellant must be bound by a statement contained in a bill of exceptions drawn by the attorney for appel-

lee, when the same is not responsive to any issue presented by the pleadings and is at variance with both the pleadings and evidence as shown by the record.

The court erred in charging appellant with one-half of the sum of $1775 shown to have been a part of the assets of the firm of Gresham & Harcourt at the date of Harcourt's death, when the evidence adduced on the trial of this cause, and the findings of the auditor therein, and of the trial court, show that the said amount was expended in the necessary care and preservation of the partnership properties, and that no part of said amount ever came into the possession of appellant.

The court erred in holding under the pleadings and evidence that Mrs. Harcourt, in her individual capacity, was not a proper party to this suit, and that she could not by a cross-bill be held responsible for partnership property received by her after the death of her husband.

Where a partner, who under the terms of the partnership agreement has the management of the partnership business, dies, and his widow, without qualifying on his estate, takes charge of the partnership property and manages the same, and afterwards, having taken out letters of administration on the estate, brings suit as administratrix against the surviving partner for an accounting and winding up of the partnership business, she must account for all partnership moneys and property received by her, in whatever capacity she may claim to have received the same.

This being a suit for the settlement of the partnership affairs of Gresham & Harcourt, appellee, being interested both as survivor of the community and as heir of John Harcourt, had an interest, subject to appellant's rights, in the partnership affairs, which vested in her under the statute (Revised Statutes, article 1869), and her possession of the property at Harcourt's death was that of a tenant in common and not as an agent of appellant. Ansley v. Baker, 14 Texas, 607; 17 Am. and Eng. Enc. of Law, 1161. However small or remote her interest in the litigation might have been, she was not only a proper party but a necessary party. Cotton v. Coit, 88 Texas, 414.

*J. W. Hill*, for defendant in error.—It may be stated as a general proposition that a surviving partner, after the dissolution of the firm by the death of one partner, is entitled to a reasonable time in which to make sale of the partnership property and wind up its affairs. He holds the property as trustee, for the creditors of the partnership and for the benefit of the heirs or legal representatives of the deceased partner. He is invested with the possession of the partnership property, "but only for the purpose of selling and closing the same." Pars. on Part., 3 ed., 477. He can not continue the business, and if he does "it is at his own risk and he will be liable at the option of the representatives of the deceased partner to account for the profits made thereby, or be charged with the interest on the deceased partner's share of the surplus, besides bearing all losses." Note, page 300, to Shields v. Fuller,

65 Am. Dec., 293. It being then the duty of the survivor to make sale of the property and wind up its affairs, what would be a reasonable time for him to do so must always be a question of fact for the court, to be determined from all the surrounding facts, circumstances, and conditions. If he, in good faith, pursues the purpose and duty of selling the property and closing the affairs, then he would be chargeable with the values of the property only from the time of such sale, and neither the heirs nor legal representatives could interfere with his management or disturb his possession of the partnership property. Akin v. Jefferson, 65 Texas, 144. If, however, instead of pursuing the purpose of selling and winding up the affairs of the partnership, the facts and circumstances show that he was continuing business with the property of the partnership, then we submit that the heirs and legal representatives are entitled to an accounting as of the date of the dissolution of partnership, and upon the basis of values at that time. It is true that they may claim the profits, or they may take interest. "If the personal representatives elect to take profit or interest, they must take the one selected for the entire period during which the survivor continued the business; they can not take profits for one period and interest for another." Shields v. Fuller, 65 Am. Dec., note p. 300, and cases there cited. In Franklin v. Toujours, 1 White & Willson Civil Cases, section 507, the court states the rule to be that "it is the duty of the surviving partner henceforth to cease altogether from carrying on the trade or business thereof; and if they act otherwise and continue the trade or business thereof, it is at their own risk, and they will be liable, at the option of the representatives of the deceased partner, to account for the profits made thereby, or to be charged with interest upon the deceased partner's share of the profits, besides bearing all the losses." See also 2 Lindl. on Part., 2 Am. ed., 592. The effect of a continuance of the business would be to convert the property of the deceased partner, and its value at time of conversion with interest would be the measure of recovery, unless the personal representatives should elect to claim the profits.

If, however, there could be any question on that point, we submit that plaintiff in error is not in a position to complain, because the values were found and balance struck at the time requested by him. Having asked in the trial court for an accounting upon the basis of the values as at time of Harcourt's death, can he now be heard to complain? We think not. In Railway v. Sein, 89 Texas, 63, this court laid down the rule that "when counsel has requested the court to charge a given proposition of law, and it is given, if the charge requested and given is erroneous, such error can not be taken advantage of by the party whose counsel made the request." If this case then had been tried before a jury, and plaintiff in error had requested a charge to the jury to find the values as of the date of Harcourt's death, and the court had given it, he could not under the rule in the Sein case be heard to assign it as error. Is the rule any the less correct when the case is tried before the court, and the party has procured from the court a ruling which he afterwards

concludes operated to his injury? Courts do not make or develop cases. They try them upon the pleadings and the evidence offered by the parties. Counsel are supposed to know their case; and when they interpose an objection to either the pleadings or evidence, they are presumed to know the effect the sustaining their objection will have upon the case. Therefore they must abide by the consequences which flow from the ruling they have procured from the court. Any other rule would make a farce of a judicial trial.

Defendant in error excepted to that part of the judgment making it bear interest only from May 28, 1895, and the court's conclusion is not supported by the evidence. It will be seen from the record that the purported sale of May 28, 1895, to Welsh, was not in fact a sale of the property, but only a sale of an interest in it, or rather a transfer of the property to another partnership of which plaintiff in error was or became a member. That such attempted transfer was an abuse of his trust is well settled by all the authorities. "The surviving partners," says Parsons (Partnership, third edition, 442), "are held strictly as trustees, and their conduct, in discharging their trust, is carefully looked after by courts of equity. Thus like other trustees they can not sell the property of the firm and buy it themselves; nor as the converse of this, can they buy from themselves property of the firm. Their trust being to wind up the concern, their powers are commensurate with the trust." And in Lindley on Partnership, page 592, the rule is thus stated: "In the absence of an express agreement to that effect, the surviving partners have no right to take the share of the deceased partner at a valuation; nor to have it ascertained in any other manner than by a conversion of the partnership assets into money." Thus it will be seen that, instead of the transaction of May 28, 1895, being a sale, it was in legal effect a conversion of the property by plaintiff in error.

In conclusion, we respectfully submit that the trial court and Court of Civil Appeals were correct in rendering judgment upon the basis of the values at the time of Harcourt's death; (1) because plaintiff in error refused to account, repudiated his trust, and converted the partnership property, together with its revenues, to his own use, and did not offer to bring it into the accounting or do equity; (2) because the action of the trial court in finding the values as of that date was procured by plaintiff in error; and (3) because the auditor's report found values only as of that date, and there was no evidence of values at any other time.

GAINES, Chief Justice.—The plaintiff in error and one John J. Harcourt were partners in the business of sheep husbandry under the firm name of Gresham & Harcourt. On October 1, 1893, Harcourt died, and the plaintiff in error assumed control of the property and business as surviving partner. On November 12, 1896, the defendant in error, as the administratrix of the estate of the deceased partner, filed this suit against plaintiff in error for an accounting and settlement of the partnership business.

The case was tried upon an amended petition, which contained, in the first place, allegations as to the death of Harcourt and the appointment of the plaintiff as administratrix of his estate; the formation of the partnership,—the articles being set out in haec verba; and also as to the nature and value of the partnership property existing at the time of his death. The amended petition then proceeds: "Plaintiff further avers, that, at the death of said Harcourt and dissolution of said partnership, said partnership had on hand, in addition to the property above mentioned, the sum of $1775 in money, all of which said property aforesaid, including said money, passed to and vested in said defendant as surviving partner in trust for the payment of any debts against said partnership and distribution between said Gresham and the legal representatives of said Jno. J. Harcourt, deceased. Plaintiff avers that at the time of the dissolution of said partnership by the death of said Jno. J. Harcourt, said partnership was not indebted to anyone, but that all of the debts thereof had been, prior thereto, paid off and discharged, and she avers that said Harcourt was not indebted to said Gresham in any sum whatsoever. That upon the dissolution of said partnership by the death of said Harcourt, as aforesaid, his legal representatives and heirs were entitled to a partition of said property aforementioned, but that said defendant, doing violence to his trust as surviving partner, failed and refused to account to the legal representatives and heirs of said Harcourt for that part of said property, and she avers that said defendant, after the death of said Harcourt, continued to run said business on his own account until about May, 1895, when, plaintiff is informed, believes, alleges, and charges that he, in violation of his trust as surviving partner and in disregard of the legal representatives of said Harcourt, contracted another and distinct partnership with one James Welsh for the management, conduct, and carrying on the said ranch business with said property aforesaid and excluded plaintiff from any participation therein, and although she often demanded of said defendant a final accounting and distribution of said property, he failed and refused and still fails and refuses to make any." After averring certain credits to which her intestate was entitled and certain debits with which he was chargeable, the petition again proceeds as follows: "Plaintiff avers that said defendant during said period received from said ranch a large quantity of the wool and other proceeds thereof, the items and amount plaintiff is unable to state because the account thereof was kept by said defendant, but she avers that the amount received by him exceeds the sum of $8148.34. That the said sum of $8148.34 is made up of various items and in various amounts advanced by defendant during said time, but the defendant has the accounts thereof and plaintiff is unable to give an itemized statement thereof as the same is within the knowledge of defendant, and to be shown by his books.

"Premises considered, plaintiff prays as in her original petition and that upon a trial hereof she have judgment against said defendant for a full and complete accounting and settlement of the partnership accounts

and dealings of said partnership of said Gresham & Harcourt, and for judgment against said defendant for any amount which may be found due and owing on said settlement to the estate of said John J. Harcourt, deceased, for a partition of the property of said partnership, for the appointment of commissioners to partition same, for interest and costs of suit, and should it appear that said defendant has disposed of said property, for a proper judgment against defendant requiring him to pay over any sums of money on hand or in bank, and for such other general or special relief, legal or equitable, as she may, under the law and facts, be entitled to."

The case was tried by the court without a jury and the court found the following conclusions of fact, as is shown by the recitals in the judgment:

"On the 1st day of October, 1893, date of the death of plaintiff's intestate, John J. Harcourt, said partnership of Gresham & Harcourt was indebted to said John J. Harcourt in the sum of $2006.18, and said partnership of Gresham & Harcourt was indebted to said Walter Gresham in the sum of $4857.18, leaving a balance due to Walter Gresham by said partnership of Gresham & Harcourt of $2851.00. And the court further finds that said partnership, on the first day of October, 1893, the date of the death of John J. Harcourt, had on hand the following property, to wit:

| | |
|---|---:|
| "850 mutton sheep of value of $1.50 each, | $1275.00 |
| "1150 ewes, of value $1.00 each | 1150.00 |
| "900 lambs, of value $0.75 each | 675.00 |
| "Ranch, including tanks, troughs, well, windmill and fixtures, houses, fences, and all other improvements and leasehold of value of | 1400.00 |
| "25 bucks, of value of | 175.00 |
| "2 horses, of value of | 55.00 |
| "1 wagon, of value of | 15.00 |
| "1 buckboard, of value of | 30.00 |
| "1 set harness, of value of | 10.00 |
| "Money on hand and afterwards invested in sheep | 427.00 |
| "Making a total value of | $5212.00 |

"That deducting therefrom the balance due by said firm to Walter Gresham, to wit, $2851.00, leaves a balance of $2361.00 on hand for distribution between plaintiff and defendant, said plaintiff as administratrix of the estate of John J. Harcourt, deceased, being entitled to receive one-half thereof, to wit, the sum of $1180.50, and it appearing that defendant Gresham used due diligence to effect a sale and wind up the business of said partnership, and that May 28, 1895, was as early as such sale could be made, and on said day said Gresham, with the consent of plaintiff, sold an undivided one half of all said property to James Welsh, and at which time plaintiff became entitled to receive her interest

in said property after payment of debts," etc.   Thereupon the court gave judgment for the plaintiff for the sum of $1180.50, thereby charging the defendant with the value of the partnership property at the time of the dissolution of the firm, although it had been found as a fact that the property had been properly administered.

This action of the court is assigned as error.   It is the duty of a surviving partner to take possession of the assets of the partnership and to preserve and administer, and, so far as may be necessary to pay the partnership debts, to dispose of the same, and otherwise settle the partnership business.   If he exercise reasonable diligence in the care, management, and disposition of the estate, and, if during the process of administering it the property depreciate in value, he is not responsible for the loss.   It seems to us, therefore, that the court acted upon an erroneous theory in stating the account of the defendant as surviving partner; and that for the error, the judgment must be reversed, unless he has estopped himself from taking advantage of the ruling.   To obviate the effect of the court's ruling, the plaintiff (the defendant in error) invokes the principle of "invited error."   The principle is, that if, during the progress of a cause, any party thereto request or move the court to make an erroneous ruling and the court rule in accordance with such request or motion, he can not take advantage of the error upon appeal.   For example, if a special instruction be requested and the court give the instruction, either in the form requested or in substance, the giving of the charge can not be successfully urged as error.   But, in our opinion, the rule does not apply in this case.   Here the evidence disclosed that some two years after the death of Harcourt, the defendant sold a half interest in the property to one Welsh, and the plaintiff sought to introduce testimony as to the value of the property at that time,— apparently with a view of charging the defendant with such value.   To this the defendant objected and the evidence was excluded.   The objection was upon the ground, as shown by the bill of exceptions, that "the value of the property could only be shown as of date of Harcourt's death, October 1, 1893, at which time the balance should be struck, and that the value of said property at any other time was immaterial."   Now, while the petition alleges the sale to Welsh and the formation of a new partnership in May, 1895, it does not seem to us that its purpose was to allege a conversion, so as to charge the defendant with the value of the property at that date.   If such was the purpose, the value at that time should have been alleged, which was not done.   Besides the prayer is simply for an accounting and for partition.   Under such allegations and such a prayer, the defendant should have been charged with what he had received and credited with what he had lawfully paid out on the partnership business.   If it was sought to charge him with the conversion of the property of the estate in his hands, not only should the facts in relation thereto and the value have been averred, but the petition should have contained a specific prayer that he be charged with the value of the property so converted.   This we think necessary in order

to reasonably apprise the defendant of the case he is called upon to meet. We are therefor of opinion that, under the pleadings and evidence in the case, the value of the property at the time of the sale to Welsh was an immaterial matter and that the defendant had the right to have it excluded. That was what he requested should be done, and we think he should not now be precluded from urging the error of the court in stating the account, upon appeal, merely because he asserted in argument that the value of the property, at the date of Harcourt's death, should be taken as the basis of the account. The testimony was properly excluded, and hence we do not see how the plaintiff was prejudiced or wrongfully placed in a worse position by its exclusion. If it had been necessary to the establishment of the plaintiff's cause of action that she should prove the value of the property at the time of the death of Harcourt or at the time of the trade to Welsh, then the rule of "invited error" may have applied; but that is not the case as we understand it. We conclude that the court erred as complained of in the assignment under consideration; and that for the error, the judgment must be reversed. This makes it proper for us to pass upon some other assignments of error.

To the action of the plaintiff, the defendant pleaded, by way of set-off or counterclaim, a note executed to him by John J. Harcourt, of which the following is a copy:

"$5440.40.          "Galveston, Texas, July 5, 1888.

"One year after date, I promise to pay to the order of Walter Gresham, at his office in the city and county of Galveston, State of Texas, the sum of fifty-four hundred and forty and 40-100 dollars with interest thereon at the rate of ten per cent per annum from date until paid. This note is to be credited with one-half of the net proceeds of wool now in hands of W. L. Moody & Co., owned by said Gresham and myself, and this note is secured by my half interest in the sheep in the ranch in Runnels County, Texas, in accordance with the terms of the contract between said Gresham and myself that was executed the first day of June, 1883, and is in settlement of all indebtedness to date.

(Signed)    "John Jay Harcourt."

The note was entitled to certain credits, but it was claimed that there was a balance unpaid of more than $1000. The plea was excepted to upon the ground that the debt was barred by the statute of limitations and the exception was sustained. More than a year elapsed after the death of Harcourt before letters of administration upon his estate were issued. Hence for one year the statute of limitations did not run, but the note had been due more than five years when the plea was filed. It is insisted, however, on behalf of the plaintiff in error, that he could not enforce his lien upon the sheep during the existence of the partnership and that therefore the statute did not begin to run until the partnership business was settled. We can not, however, accede to this proposition. Conceding, for the sake of argument, that an action to en-

force the lien when the note fell due could not have been maintained, it does not follow that suit could not have been brought upon the note and judgment obtained thereon. The note, in our opinion, was clearly barred when the plea of counterclaim was filed. But the statute of limitations did not extinguish the debt. Goldfrank v. Young, 64 Texas, 432. The question therefore suggests itself, whether, when the proceeds of the property upon which plaintiff in error had a lien, came lawfully into his possession, he did not have the right to apply them or so much thereof as was necessary to the payment of his debt. If Harcourt had continued to live, and if, by agreement, the duty had been devolved upon the plaintiff in error to wind up the partnership business, and if, after settlement, a fund, the proceeds of the property upon which he had a lien, had been left in his hands, we should be loth to hold that he could not appropriate so much thereof as belonged to Harcourt to the payment of the balance due on the note, although no action could be brought for the debt by reason of the bar of the statute. But the case before us is materially different. Here the plaintiff in error became intrusted with the partnership assets, not by direct agreement of the parties, but by the act of Providence and the operation of law. Hence, in no sense could the possession be considered in the nature of the possession of a pledgee. Again he is seeking to assert his lien against an estate of a deceased person which is in process of administration in the county court. Under our probate laws, liens of the character in question are made subordinate to funeral expenses and expenses of last sickness, expenses of administration, and allowances for the widow and children, if any; and it is peculiarly within the jurisdiction of the county court to classify these claims and determine the order of payment. It can not be done in a collateral proceeding of this character. There is no averment in the plea that the interest of the deceased in the fund will not be necessary to the payment of prior claims. On the contrary, it is alleged that Harcourt owned no other property except his interest in the partnership assets, and that that interest did not exceed in value the sum of $3000. We think the exception to the plea of counterclaim was properly sustained.

We are of opinion that the court did not err in holding that the plaintiff in error could not prosecute in this suit a cross-action against Mrs. Harcourt in her individual capacity. It is a general, if not a universal, rule, that only such counterclaims can be urged to an action which exist against the plaintiff in the same capacity in which he sues. If he sue as trustee, the claim must be against him as trustee; if in his individual capacity, a claim against him as trustee can not be set up either by way of set-off or of recoupment. We see nothing in the case made by defendant in error to take it out of the general rule. Clearly, if another person had administered upon the estate of the deceased and had brought the suit, Mrs. Harcourt, by reason of her individual transactions with plaintiff, could not have been drawn into it; and we do

not see that the fact that she became the administratrix, and, as such, is plaintiff in the action, should make a difference.

In a cross-assignment of error, the appellee in the Court of Civil Appeals (the defendant in error in this court), complained that the trial court erred in not charging plaintiff in error with the sum of $1775, money on hand at the time of Harcourt's death. The Court of Civil Appeals sustained the contention and enlarged the recovery accordingly. This ruling of the Court of Civil Appeals is assigned as error in this court. It seems that this money came to the hands of Mrs. Harcourt after her husband's death. She claimed it was received by her as agent of plaintiff in error, but he denies that she was his agent. The defendant in error testified that she expended the money for the benefit of the partnership estate under the directions of the plaintiff in error. Upon a proper statement of the account, Gresham should have been charged with the amount and credited with so much of it as was expended for the benefit of the estate.

The articles of partnership provide that Gresham is to advance the money necessary to carry on the business and that he was to receive 10 per cent interest upon the advancement. No reason is seen why, upon a proper settlement of the account, he should not be credited with the interest upon his advancements.

The judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*