**MORAN v. MIDLAND FARMS CO. et al.**
**(No. 1845.)** *

(Court of Civil Appeals of Texas. El Paso. Feb. 18, 1926. Rehearing Denied March 11, 1926.)

**1. Pleading ⟝111.**

Order sustaining plea in abatement, without decreeing consequence thereof, held not to abate action or deprive court of authority to rule on pending demurrers.

**2. Appeal and error ⟝451.**

Where intervention had been severed from original suit and appeal taken from judgment therein, court had jurisdiction to render judgment in main action.

**3. Limitation of actions ⟝201.**

Dismissal of suit against all defendants on sustaining plea of limitation offered by only one held improper.

**4. Limitation of actions ⟝172.**

Purchaser of land incumbered by lien to secure debt may assert statute of limitations barring debt against holder of lien.

**5. Limitation of actions ⟝172—Where petition for money demand and to foreclose lien on land did not show defendant was purchaser, dismissal on ground that petition showed action was barred by limitation held improper.**

Dismissal of petition on money demand and to foreclose alleged lien on land on ground that

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 28, 1926.

claim was shown barred by limitations on exception of defendant, not shown by pleadings to be a purchaser, *held* improper.

**6. Limitation of actions ⊂⊃177(1)—Petition on money demand and to foreclose alleged lien on land shown on its face to be barred by statute of limitations.**

In action for broker's commission and to foreclose alleged lien on land, petition based on sale nearly 12 years prior, and without alleging concealment, *held* on its face barred by statute of limitations.

**7. Limitation of actions ⊂⊃167(2)—Suit by broker to recover on purchaser's deed of trust given to indemnify owner against liability for commissions, on theory of trust for broker's benefit held barred by limitations which barred debt.**

Where recovery of broker's commissions is barred by limitations, suit to enforce as for broker's benefit trust deed given by purchaser to indemnify owner against payment of commission is also barred whether based on theory of express, resulting, or constructive trust.

**8. Appeal and error ⊂⊃681.**

Where record does not show request for leave to amend, alleged error in dismissing suit without giving opportunity to amend *held* untenable.

**9. Pleading ⊂⊃414.**

Right to judgment on order sustaining plea in abatement is waived, where defendant presents exceptions to court and secures dismissal thereon.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by W. J. Moran against the Midland Farms Company and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Grisham Bros., of Eastland, and Harper & Howard, of El Paso, for appellant.

J. M. Caldwell, of Midland, and Whitaker & Peticolas, of El Paso, for appellees.

HIGGINS, J. Moran filed this suit January 10, 1925, against Mildand Farms Company, Oscar J. Francis, trustee and in person, Edward Morris, trustee and in person, his heirs and the heirs of his heirs, John P. Wilson, trustee and in person, Augusta Rothchild and her husband, Maurice L. Rothchild, Ira N. Morris, Maude Morris Schwab and her husband, Henry C. Schwab, Oscar W. Kerr and wife, Minnie Kerr, D. Fasken, Donald S. Trumbull, T. C. Kimber, and W. Harvey. The C Ranch Cotton Lands Company (hereinafter called C Company) intervened in the suit. At the spring term in 1925, judgment was rendered upon the intervention granting to the intervener the relief which it sought. From that judgment Moran appealed, and an opinion therein has been handed down upon this date. W. J. Moran v. Midland Farms

Co. et al., 282 S. W. 608, appeal No. 1797, upon the docket of this court. The present appeal is from the judgment rendered at the fall term, 1925, in the suit between Moran and the original defendants.

In brief, the material facts alleged in the plaintiff's petition are as follows: That he is a real estate agent, and defendants Edward Morris, Augusta Rothchild, Maurice L. Rothchild, Ira N. Morris, Maude Morris Schwab, and Henry C. Schwab were the owners of about 223,000 acres of land in Midland, Ector, Andrews, and Martin counties, Tex., known as the C Ranch, and on April 15, 1911, the last-named parties conveyed the same in trust to Edward Morris and John P. Wilson, Trustees, with full power to sell and convey, which land is described in deed from said trustees to O. W. Kerr, dated July 1, 1913, filed for record July 14, 1913, and duly recorded in the deed records of Midland county in Book 22, page 217. "Said sale (evidently referring to the conveyance to Kerr) was made for a consideration of $1,431,701.61." Prior to said sale the owners listed the land for sale with plaintiff at $650 per acre, first orally and then in writing, agreeing to pay a commission of 5 per cent. On or about July 1, 1913, plaintiff procured Kerr as a purchaser, and the said sale and conveyance to Kerr was effected as above shown; wherefore the defendants became liable for a 5 per cent. commission upon the entire consideration, or $72,475, with interest. Further allegations were made as follows: Defendant Kimber was the immigration agent of the Gould Railways, interested as such agent and in behalf of the Texas & Pacific Railway Company in settling the lands adjacent to such railway, and procured from plaintiff a description of the land, which he showed to Kerr; plaintiff showed the land to Kerr and the activities of plaintiff initiated through Kimber brought about the sale to Kerr, or the O. W. Kerr Company. The remainder of the petition is exceedingly long and involved, but as we understand the same it amounts to this: The purchaser Kerr was acting for the defendant D. Fasken, who furnished the money; Fasken, Fasken's agent, Harvey, Kimber, Francis, and the other defendants entered into a conspiracy to defraud plaintiff of his commission; Harvey collected the commission for the benefit of his principal Fasken; on July 1, 1913, Kerr executed his note for $75,000 due in one year to the owners of the land and executed a deed of trust on the land to secure said note to Oscar J. Francis, trustee, which was filed for record July 15, 1913, and recorded in Midland county; that this transaction was in "secret trust" for the plaintiff and to protect the owners of the land against plaintiff's claim for commission and was for his benefit, and such deed of trust was a lien upon the land for his benefit; that

the defendants had fraudulently concealed from plaintiff the facts concerning the transaction, and he was not able to learn until October 1, 1924, that the note and deed of trust was for his benefit; that the deed of trust had been fraudulently released on February 4, 1916, and such release fraudulently withheld from record until January 22, 1921. Just what connection the defendant Midland Farms Company has with the land is not clearly disclosed by the petition. The allegations as to said company are later quoted in this opinion.

The prayer was for judgment on the $75,-000 note and foreclosure of the above-mentioned deed of trust, and "for a personal judgment against T. C. Kimber, D. Fasken, O. W. Kerr, and W. Harvey, for their malicious and unwarrantable interference with plaintiff, his business of collection, his commission," and general relief.

The Midland Farms Company answered in due order of pleading by a plea in abatement, general and special exceptions, general denial, and special defenses not necessary to detail.

The nonresident defendants, Oscar J. Francis, trustee, Oscar J. Francis, Edward Morris, as trustee and in person, his heirs and the heir of his heirs, John P. Wilson, trustee and in person, Augusta Rothchild and her husband, Maurice L. Rothchild, Ira N. Morris, Maude Morris Schwab and her husband, Henry C. Schwab, Oscar W. Kerr and wife Minnie Kerr, D. Fasken, Donald S. Trumbull, T. C. Kimber, and W. Harvey, by an attorney acting under appointment by the court, filed an answer consisting of a general demurrer and general denial.

The plaintiff filed a supplemental petition.

On September 16th, after having declined to hear a motion for continuance by the plaintiff, the court made two separate orders: First. Sustaining the second paragraph of the plea in abatement by the Midland Farms Company, wherein a misjoinder of causes was pleaded, and overruled the other grounds of the plea. Second: Sustaining a special exception by said company to the plaintiff's petition, and dismissing the cause. The special exception thus sustained was to the effect that the petition upon its face discloses that the plaintiff's cause of action was barred by limitation. The appeal is prosecuted from this latter order.

[1] The order sustaining the plea of misjoinder simply recites that the second paragraph of the plea was sustained. The consequence resulting from such action was not decreed, and the court then proceeded to pass upon the exceptions and rendered the judgment stated.

The entry showing the sustaining of the plea in abatement was simply the recorded expression of the ruling of the court thereon. It did not of itself abate the action, and since the consequence of the ruling upon the plea was not decreed, the suit remained pending, and the court had authority to act upon the demurrers. Texas L. & L. Co. v. Winter, 57 S. W. 39, 93 Tex. 560. No point is made by the parties with respect to this condition of the record, but we deem it proper to state our view with respect thereto, for it might otherwise seem that the judgment appealed from was based upon exceptions of a party who had been eliminated from the suit by the previous order upon the plea in abatement.

[2] The appellant contends that the trial court was without jurisdiction to render judgment herein because of the pendency in this court of the appeal upon the other branch of the case. Moran v. Midland Farms Co., supra. This was one of the grounds of its motion for continuance. This is without merit, for the reason that the intervention had been severed from the original and main action and the appeal taken therein was entirely independent. Moran v. Midland Farms Co., supra. If that were not true, the other appeal necessarily would have been dismissed because the judgment appealed from was not final.

[3] The court dismissed the plaintiff's suit in its entirety upon sustaining the exception of the Midland Farms Company with regard to limitation. Regardless of the merits of the exception by that company, it was improper to dismiss the suit as to the other defendants, upon the ground of limitation, in whose behalf no such objection had been interposed.

[4] Nor, for reasons to be now stated, was the exception by the Midland Farms Company properly sustained. It is well settled that the defense of limitation against a personal obligation is personal to the debtor. It is, however, held that the purchaser of land incumbered by lien to secure a debt is entitled to assert against the holder of the lien the statute of limitation barring the debt. Columbia, etc., v. Strawn, 53 S. W. 342, 93 Tex. 48. In that case Justice Williams said the court was not inclined to extend the rule further, and declined to do so in favor of the holder of two vendor's lien notes against the holder of another note of the same series secured by the same lien and of equal dignity. In Pecos Mercantile Co. v. McKnight, 256 S. W. 933, this court sustained the right of a junior incumbrancer to plead limitation against a prior incumbrancer whose debt had been barred by limitation. The question was there fully considered and the authorities reviewed. The Supreme Court refused a writ of error in the case.

[5] In the state of the plaintiff's pleadings, we regard the case of Poythress v. Ivey, 228 S. W. 157, by the Commission of Appeals, decisive against the Midland Farms Company of its right to interpose the exception as to limitation. In that case the plaintiff sued Mattie Jackson, H. L. Vaughn, and a number

of other defendants, to recover an indebtedness of one Evans and foreclose liens upon real property. Mattie Jackson was "sued as asserting some sort of claim to the lots against which the liens were sought to be foreclosed." "Mattie Jackson, for herself and her vendee, Vaughn, by special exception also urged the four-year statute of limitation against the notes sued upon." The exception was sustained. In reversing this ruling the court said:

"There is nothing in the petition evidencing a relationship between Mattie Jackson and her vendee on the one part, and Evans on the other, authorizing her to urge the bar of the statute against the debt due by Evans to Poythress. The original debt secured by the deed of trust having been treated as continuing by the original debtor, and no plea of limitation by exception or otherwise having been by him, or those in direct privy with him, interposed, the lien of the trust deed follows the debt.

"We are not to be understood as holding that there may not exist circumstances under which Mattie Jackson and her vendee might interpose the plea in order to protect her estate against the lien of the deed of trust, but the petition does not disclose such rights."

Appellees in their brief say plaintiff's pleadings on their face show that defendant Midland Farms Company was the owner of the lands on which he seeks to foreclose his alleged lien, but nowhere do they point out the allegations to that effect. We have not found same. We have carefully examined the plaintiff's pleadings, and the only allegations we can find showing any reason for the joinder of the Midland Farms Company is as follows:

"Plaintiff would show the court that all of the defendants are furthermore made parties because of an interest unknown to the plaintiff that each of the parties are asserting in the deed of trust which the plaintiff is seeking to foreclose, and are asserting an interest in or right to the release thereof, which plaintiff is seeking to cancel, and for which reason all other defendants are made parties for reasons other than heretofore mentioned. Plaintiff would show that the said D. Fasken has caused to be organized the Midland Farms Company, a corporation, and that the said corporation was organized at a time that said deed of trust was of record, and that it had full actual as well as constructive knowledge of the terms and conditions thereof, and were and are charged with a knowledge of the rights of the plaintiff with reference thereto, and indeed and in truth said corporation, its president and active manager, had actual knowledge of the rights of the plaintiff with reference to same, and of the secret trust created thereby and by reason of the facts in the premises in favor of plaintiff."

The only relief sought against Midland Farms Company is "for a foreclosure of the said deed of trust against the Midland Farms Company and for a cancellation of the release of the deed of trust as shown in Book 6, page 213, Deed of Trust Records of Midland County, Tex." The above quotation from the pleadings simply shows the joinder of the Midland Farms Company because it was asserting some unknown interest in the deed of trust and the release thereof.

The opinion of the Commission of Appeals in Poythress v. Ivey was expressly approved by the Supreme Court, and in the state of the plaintiff's pleadings it forecloses against the Midland Farms Company the right to urge the exception as to limitation. While we are of the opinion that in the state of the plaintiff's pleadings no such interest is shown to be held by said company sufficient to authorize it to set up the bar of limitation against the debt and lien sought to be foreclosed, yet by its answer to the merits it alleges it is a purchaser of the land and pleads the statutes of limitation. The question of limitation will thus, no doubt, arise upon the trial of the case upon its merits, for if it be a purchaser it is entitled to plead limitation. We will for this reason rule upon the question.

[6] The trial court was correct in its view that the petition upon its face disclosed that the cause of action was barred by limitation.

[7] The appellant contends his right under the deed of trust arose upon a resulting trust in his favor, and that limitation did not begin to run against him until he discovered such trust in his favor, or by the exercise of reasonable diligence could have done so. We need not stop to inquire whether his right, if any, under the deed of trust was upon an express, resulting, or constructive trust. The life of the deed of trust, in any event, could not survive beyond the time when the debt it secured became barred by limitation. This phase of the case, we think, is well treated in appellees' brief, which we quote as follows:

"The case of Blackwell v. Barnett, 52 Tex. 326, also the case of Goldfrank v. Young, 64 Tex. 432, and the case of Duty v. Graham, 12 Tex. 437, 62 Am. Dec. 534; which cases and authorities in Texas have been universally followed and cited, establish the fact that a mortgage or deed of trust in Texas is a mere security for the debt, and when the debt is barred by the statute of limitations, the creditor has no right to foreclose his mortgage or deed of trust in court.

"In each of the three last above-cited cases, and in the numerous cases citing and following the same, the contention was made by the plaintiffs, as is being made by the plaintiff here, that although the debt was barred by limitations the mortgage or deed of trust securing same was not barred, and hence same could be foreclosed in court. The court in the case of Blackwell v. Barnett, cited above, said: 'The creditor is without remedy upon his mortgage after the debt is barred, because the courts of equity will not permit him to treat his mortgage as anything but a security for his debt; and when there ceases to be anything to secure, there must, of necessity, cease

also to be any security'—citing Perkins v. Sterne, 23 Tex. 563, 76 Am. Dec. 72.

"Appellant's contention that the deed of trust can still be enforced, although the debt is long since barred by limitations, is decisively annihilated by Judge Gaines of the Supreme Court in Gresham v. Harcourt, 53 S. W. 1019, 93 Tex. 157. In that case a member of a partnership held a mortgage from his copartner to said partner's interest in a flock of sheep. He sought to foreclose his mortgage on the sheep after the debt had become barred by the statute of limitations. He contended that although his debt was barred, his mortgage was not barred. He sought to take his case out of the rule laid down in the four cases last hereinabove cited by contending that under the law, he could not have foreclosed a mortgage on his copartner's interest in the sheep until the partnership had been dissolved, as it would necessitate a dissolution of the partnership before the interest that his partner had in the sheep could be determined. The court said:

" 'It is insisted, however, on behalf of the plaintiff in error, that he could not enforce his lien upon the sheep during the existence of the partnership, and that therefore the statute did not begin to run until the partnership business was settled. We cannot, however, accede to this proposition. Conceding, for the sake of the argument, that an action to enforce the lien when the note fell due could not have been maintained, it does not follow that suit could not have been brought upon the note, and judgment obtained thereon. The note, in our opinion, was clearly barred when the plea of counterclaim was filed.' * * *

"In the case of Phillips v. Hail (Tex. Civ. App.) 118 S. W. 190, defendant and his sureties were sued on his official bond as constable for damages by reason of having taken a defective claim bond upon property which he had levied on by virtue of an execution. Defendant, the constable, excepted on the ground that plaintiff's cause of action was barred by the two years statute of limitations. Plaintiff contended that although the original cause of action was barred in two years by limitations, he had a right to recover against the constable or his sureties on the bond, which would not be barred until the expiration of four years time. The court said in that case: 'An official bond is simply a collateral security for performing the officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond'—citing a number of cases, also.

"The bond does not give the cause of action. The wrong or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrong or delicts.

"In the Mexican Coal & Coke Co. v. Ruckman (Tex. Civ. App.) 229 S. W. 347, where manager of a corporation had been discharged and the amount due him had been paid in full by the corporation, and the corporation's auditor 'later claimed that a mistake had been made and the manager had been overpaid, said manager 'deposited in bank the amount of the alleged excess as a security that it would be returned to the corporation if the auditor's contention proved to be true. The matter was allowed to run along until the claim had become barred by two years' limitation. Contention was made by the corporation that although the debt was barred, the money had been deposited in trust, and that the trust was not barred by the limitation. The court said: 'The money was not transferred to appellant, and if a trust relation arose between appellant and appellee, it could be and was destroyed by limitation brought about through the inexcusable neglect of appellant. When the statement was made the account was barred by limitation, and under the terms of the agreement appellee was justified in not paying it, and could take advantage of it. Limitation ran against an account and not against a trust. Appellee never did admit that appellant had any interest in the $1,041.66 deposit, and when it was made under condition that a speedy statement should be made, neither law nor equity would tolerate the deposit being held for an interminable time. The most feasible and reasonable way in which to terminate is through the law of limitations. If, as claimed by appellant, appellee was indebted to it, he was indebted to it on April 17, 1917, and upon it devolved the burden of preserving the vitality of the indebtedness. Appellant slept on its rights and must abide the consequences. When the account failed it carried all agreements in regard to the deposit with it.'

"In Hillman v. Gallagher (Tex. Civ. App.) 120 S. W. 505, where suit was against a liquor dealer, and the sureties on a bond for selling liquor to a minor in violation of the law, the court held that where suit was not brought within two years' time, bond could not be enforced, saying: 'Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail.' "

The petition discloses that the plaintiff procured the purchaser Kerr on July 1, 1913; that the land was conveyed to Kerr by deed of that date recorded July 14, 1913. The petition alleges he showed the land to Kerr and his activities in connection with Kimber brought about the sale. These were facts within the plaintiff's own knowledge. There is no allegation of a concealment of the sale to Kerr, and the petition shows the deed has been on record since July 14, 1913. It is not alleged that he did not know of the conveyance to Kerr. Under these circumstances, there is no excuse whatever for the plaintiff's delay of nearly 12 years in suing to recover his commission.

Viewing this petition most favorably to the plaintiff, his cause of action to recover the commission is barred, and therefore he cannot recover upon the note and deed of trust which he alleges was for his benefit to protect his commission, and the court properly so held.

[8] It is objected by the appellant that the court erred in dismissing the suit without giving him an opportunity to amend. The record is silent as to any request for leave to amend. The record disclosing no such re-

quest, it cannot be assumed such leave was requested and refused. In the state of the record this matter presents no error. Gaddis v. Tel. Co., 77 S. W. 37, 33 Tex. Civ. App. 391.

The appellee Midland Farms Company presents a cross-assignment complaining of the action of the court in overruling certain grounds of its plea in abatement. We doubt if this matter can be considered as properly before us for review, but, if so, such assignment must be overruled for the reason that it involves the decision of an issue of fact which it is not the province of this court to decide.

[9] Furthermore, as shown above, the court sustained one of the grounds of the plea in abatement. Having made this favorable ruling, the Midland Farms Company was entitled to the proper judgment thereon. Notwithstanding this, it presented its exceptions to the court, invoked its action thereon, and had the case dismissed upon one of its exceptions. The plea in abatement is dilatory, and by its action said company waived its right to judgment thereon in its favor. Gildart v. Grumbles, 22 Tex. 15. This being the case, the question of whether the trial court erred in overruling other grounds of the plea became academic, and there is no occasion for this court to review such action of the trial court.

Reversed and remanded.