## NEWTON v. TEXAS EMPLOYERS' INS. ASS'N. (No. 3208.)

Court of Civil Appeals of Texas. Amarillo. March 13, 1929.

Rehearing Denied April 10, 1929.

Higgins & Glass, of Marlin, for appellant.
Wm. Cramer and Harry P. Lawther, both of Dallas, for appellee.

RANDOLPH, J. This suit was instituted by appellee in the district court of Archer county, Texas, to set aside an award of the Industrial Accident Board, awarding compensation to the appellant. The appellant filed a plea to the jurisdiction of the district court of Archer county to hear and determine the appellee's cause of action, which was overruled by the trial court. Thereafter the said court heard the pleadings and evidence introduced, and rendered judgment setting aside the award of the Industrial Accident Board, declaring same to be void and of no further effect. From this judgment, appeal has been taken to this court.

There is no controversy as to the facts; the only question being one of law. The Industrial Accident Board, by its award, found that C. E. Newton sustained his injuries in Archer county, Texas, on July 17, 1927. The district court, upon the admission by appellant in his pleadings that he did not receive his injuries in Archer county, held that the appellant did not receive any injury in said county on July 17, 1927, but that the injury, if any was sustained by him, occurred in Wichita county, Texas.

The appellant's plea to the jurisdiction of said district court was based upon the grounds that he was not a resident of Archer county, Texas, and that the injury suffered by him occurred in Wichita county, Texas, and not in said Archer county. It appears from the record that the appellant's employer, Simms Oil Company, in reporting the injury to the Industrial Accident Board, reported as follows: "Location of plant or place where accident occurred: Chilson Power. Street and number:———. City or town: Holliday, Texas." In his notice of injury, filed with the board, appellant stated: "I sustained personal injury while in the employ of Simms Oil Company, Holliday. The place of injury was W. H. Chilson L. power house." This was signed: "C. E. Newton, Holliday," when giving his name and the city or town.

Article 8307, section 5, of the Workmen's Compensation Act, Revised Civil Statutes of Texas, provides as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition

of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the commissioner of insurance and such certificate shall be sufficient cause to justify said commissioner to revoke or forfeit the license or permit of such association to do business in Texas."

Chief Justice Cureton, speaking for the Supreme Court in the case of Mingus .v. Wadley, 115 Tex. 551, 558, 285 S. W. 1084, 1087, and laying down the general rule, says: "That where the cause of action and remedy for its enforcement are derived not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable. * * * As to the county where suit to set aside an award may be brought, the statute is clearly mandatory. Revised Statutes, art. 8307, § 5, pro-

vides that the suit to set aside the final award of the board 'shall' be brought 'in the county where the injury occurred.' The language used is mandatory, and its purpose evident. * * * Having in mind the general rule that workmen's compensation acts are to be liberally construed to effectuate their beneficial purpose, there can be no doubt that, when the Legislature specified the county in which a suit to vacate an award should be filed as the county where the accident occurred, the specification was exclusive and intended to be jurisdictional."

The rule laid down in the Mingus Case has been followed, since its rendition, by all the courts of Texas, so far as we have been able to ascertain, and has been again expressly approved by the Supreme Court in approving an opinion by the Commission of Appeals in answer to a certified question in the case of Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195. It is also held in the Franklin Case that the question presented is one of jurisdiction and not of venue. This being the mandatory rule, the trial court had no jurisdiction to render any character of judgment other than to dismiss the suit brought to set aside the award. Oilmen's Reciprocal Ass'n v. Franklin, supra; Texas Employers' Ins. Ass'n v. Price (Tex. Civ. App.) 291 S. W. 287.

We decline to pass on the contention of appellee that it is entitled to equitable relief, and thereby entitled to maintain its suit in Archer county, because it and the Industrial Accident Board had been misled by the appellant, and that appellee was thereby caused to bring this suit in the wrong county. We cannot grant the equitable relief it claims, even if it is entitled to such relief, because appellee did not plead such equities. It brought a straight suit de novo in the district court of Archer county to set aside the award of the Industrial Accident Board. The appellant filed his plea to the jurisdiction, to which appellee made no reply setting up the equitable relief it urges here. Therefore the issue was joined solely upon the question of law presented by appellee's petition and appellant's plea to the jurisdiction. The law question having been decided adversely to the appellee, such decision must control the disposition of the case.

We therefore reverse the trial court's judgment and remand the cause, with instructions to that court to dismiss the appellee's (plaintiff's) suit.