## TEXAS EMPLOYERS' INS. ASS'N v. NEWTON.
### No. 1164—5472.

Commission of Appeals of Texas, Section B.
March 12, 1930.

Harry P. Lawther, Wm. M. Cramer, and J. E. McClue, all of Dallas, for plaintiff in error.

Higgins & Glass, of Marlin, for defendant in error.

RYAN, J.

This case grows out of the workmen's compensation statute. Rev. St. 1925, §§ 8306–8309, as amended. On April 6, 1928, defendant in error filed notice of injury and claim for compensation with the Industrial Accident Board of the state of Texas, based upon an alleged injury received by him on July 17, 1927, at Holliday, Tex.

It appears from the record that the defendant in error's employer, Simms Oil Company, in reporting the injury to the Industrial Accident Board, reported as follows: "Location of plant or place where accident occurred: Chilson Power. Street and number: ———. City or town: Holliday, Texas." In his notice of injury, filed with the board, defendant in error stated: "I sustained personal injury while in the employ of Simms Oil Company, Holliday. The place of injury was W. H. Chilson L. power house." This was signed: "C. E. Newton, Holliday," when giving his name and the city or town.

The Industrial Accident Board found, among other things, "that said Simms Oil Company was a subscriber to the Employers' Liability Law, through and by virtue of a policy of compensation insurance carried with the Simms Oil Company, employer, and Texas Employers' Insurance Ass'n., Insurer, and had in its employ one C. E. Newton who sustained injuries while in the course of his employment in the capacity of employee in Archer County, Texas, on July 17th, 1927, and whose average weekly wage made the predicate of compensation herein is the sum of $38.02, and consequent rate of compensation the maximum sum of $20.00 per week, and it is so ordered, adjudged and decreed by the said Board."

Thereupon plaintiff in error filed suit in the district court of Archer county to set aside such award. Defendant in error filed his verified plea to the jurisdiction of the district court of Archer county as follows:

"Defendant says that he is not now and was not at the time of the institution of this

suit nor at the time of the service of citation upon him herein a resident of Archer County, Texas.

"Defendant further says and shows to the court that the injury upon which the award of the Industrial Accident Board referred to in plaintiff's petition herein is based and by virtue of which the plaintiff is indebted to the defendant, occurred in Wichita County, Texas, and not in Archer County, Texas, and therefore, the District Court of Archer County, Texas, has no jurisdiction of this cause of action."

At the trial defendant in error testified that his injuries were sustained on the Chilson lease, near Holliday, Tex., Wichita county. "I was residing in Wichita County at the time I received my injuries. I have not at any time resided in Archer County, Texas. I know that Holliday is in Archer County, Texas. At the time of my injury I knew that Holliday was in Archer County, Texas." Also: "Holliday, Texas, was my post office; it was also the post office of the Simms Oil Company. The company did not have any office at Holliday; Archer City, Texas, is the headquarters for this division."

The district court overruled said plea to the jurisdiction, and, after hearing the pleadings and evidence, set aside the award of the Industrial Accident Board, declaring same to be void and of no further effect.

The district court found as a fact that the notice of injury filed by defendant in error before the Industrial Accident Board contained the following statement: "The place of injury was W. H. Chilson L. Power House, Holliday," and the claim for compensation stated "the place of injury was W. H. Chilson lease, Power House." The court also found that Holliday, Tex., is in Archer county, and that "the defendant did not receive an injury in Archer County, Texas, on July 17, 1927, but the injury, if any, occurred in Wichita County," and therefore plaintiff company is entitled to judgment setting aside the board's award.

On appeal, the Court of Civil Appeals held that the district court of Archer county had no jurisdiction to render any character of judgment other than to dismiss the suit brought to set aside the award, because the injury, if any, occurred in Wichita county, and jurisdiction was there and not in Archer county, on the authority of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, and Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195; the trial court's judgment was accordingly reversed, with instructions to that court to dismiss the suit. 15 S.W.(2d) 709.

The effect of that holding is that, although an injury is found or claimed to have occurred in one county, and the board makes an award for such injury in that county, the claimant and awardee by simply admitting that the injury really occurred in another county, and the board therefore erred in allowing it, may successfully deny the insurer the right to set the award aside, and, although himself claiming under it, thus take advantage of his own error or that of the board in his favor, to another's detriment.

The question is, Can the defendant in error invoke the rule announced in Mingus v. Wadley and Oilmen's Reciprocal Ass'n v. Franklin, supra, under such circumstances? We think not.

■ Defendant in error having claimed and the board having found that the alleged injury occurred in Archer county, suit to set aside the award was properly brought in the district court of that county. The notice and claim herein filed show the injury to have occurred at Holliday, and the board found this to be in Archer county. Defendant in error made no objection to this finding, and claims under it; he should not now be heard to say that, although the finding is wrong, he may still claim under it, and at the same time deny the other party the right to set it aside. If error there was, it was caused by himself, and, if not invited, he at least acquiesced in it.

As said in Missouri, K. & T. Ry. Co. v. Eyer, 96 Tex. 74, 70 S. W. 529, by Chief Justice Gaines: "The rule [of invited error] is but a deduction from the doctrine of estoppel. Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong." The principle is that, if during the progress of a cause any party request or move the court to make an erroneous ruling, and the court rule in accordance therewith, he cannot take advantage of the error upon appeal. Gresham v. Harcourt, 93 Tex. 157, 53 S. W. 1019; International & G. N. R. R. Co. v. Sein, 89 Tex. 63, 33 S. W. 215, 558.

In Moor v. Moor (Tex. Civ. App.) 63 S. W. 347, it was held that a husband cannot thereafter complain of the invalidity of a divorce decree used by him to uphold a property settlement made with the wife on the ground of estoppel.

■ Parties must take the consequences of the position they assume, and are estopped to deny the reality of the state of things which they have made appear to exist and upon which others have been led to rely. Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187.

■ The legal effect of a suit to set aside an award of the Industrial Accident Board is to

invoke the judgment of the court on the issue of the insurer's liability under the provisions of the act, *upon the facts alleged in the claim presented to the board*, and to substitute the court's judgment when rendered for the prior award of the board. Texas Emp. Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749, 751. It is true the trial is de novo, but that is upon the facts alleged in the claim presented to the board; one claim may not be made to the accident board and another and different claim presented in the court on appeal from the board's action. Texas Emp. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752, 755 (7).

■ Our conclusion is that defendant in error is estopped from pleading to the jurisdiction of the district court of Archer county in this case, and the uncontradicted evidence, as well as the admissions of defendant in error, having shown that he did not receive the injury (if any) in question in Archer county as found by the accident board, the district court properly set the award aside, and the Court of Civil Appeals erred in directing a dismissal of the suit. We therefore recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.