DIAMOND v. GUST et al. (No. 7610.)

(Court of Civil Appeals of Texas. Galveston. Oct. 29, 1918. Rehearings Denied Nov. 14, 1918.)

1. PARTNERSHIP ⟐138—PAYMENT OF DEBTS —POWERS OF PARTNER.

One partner of a trading partnership may lawfully and in good faith sell the entire personal assets of the partnership to pay partnership debts.

2. APPEAL AND ERROR ⟐854(1) — PRESUMPTIONS ON APPEAL—ACTION FOR ACCOUNTING.

In suit by one partner against the other and his grantees for an accounting, where the record did not show the reason of the trial judge for holding the sale by one void, the court will not disturb the judgment rendered which could be supported on the question of fraud in making the sale.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. PARTNERSHIP ⊘⊃344 — ACCOUNTING — RELIEF.**

In suit by one partner for an accounting on ground of fraudulent sale by the other partner, the sale being void as to plaintiff, he continued to hold a half interest in the property and business and could recover, not the value of the loss of his partnership property, but one-half the property and one-half the net profits after all firm debts were paid. .

**4. PARTNERSHIP ⊘⊃178 — INTEREST OF PARTNER — WHAT CONSTITUTES.**

Nothing is to be considered as the share of a partner but his proportionate part of the residue or balance after an accounting has been taken of the debts and credits, including the amounts paid by the several partners in liquidating firm debts.

**5. PARTNERSHIP ⊘⊃302 — RIGHT TO ACCOUNTING — DISCHARGE OF FIRM DEBTS.**

A partner who pays or is forced to pay more than his proportionate share of firm debts has a right to a general accounting and contribution from the assets of the firm or from his copartners.

**6. PARTNERSHIP ⊘⊃313 — RIGHT TO ACCOUNTING — NATURE OF REMEDY.**

The settlement of partnership accounts, and an equitable division of the assets of the partnership among the partners, has always been one of the functions of a court of equity.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by D. Diamond against John Gust and others. Judgment for plaintiff in part and he appeals, and defendants file cross-assignments of error. Affirmed.

Huggins & Kayser, of Houston, for appellant.

Cole & Cole, of Houston, for appellees.

LANE, J. This suit was brought by appellant, D. Diamond, against John Gust and various others, to recover a one-half interest in certain property which was alleged to be owned by a partnership composed of himself and John Gust, for an accounting of said partnership, and for the reasonable value of the use of said property during the time the same was held by defendants other than John Gust.

The plaintiff alleged that he and John Gust were partners in a "restaurant and pool hall" business prior to the 7th day of July, 1916, each owning one-half interest therein and one-half of all the personal property belonging thereto; that it was understood between said partners that the said Gust was to conduct the business and give his entire time thereto and was to be paid out of the funds of the partnership $30 per month for his services; that Diamond was to receive one-half of the net profits of said business; that on the 7th day of July, 1916, said copartnership owned pool tables, show cases, tables, chairs, etc., of the value of $1,500; and that the profit of said business was $250 per month. He then alleged that his partner, Gust, without his knowledge and consent, did, on or about the 7th day of July, 1916, wrongfully and with the intent to defraud plaintiff, sell said business, and all personal property belonging thereto, to other defendants named in his petition. He prayed for an order directing all the defendants who had been at any time engaged in conducting said business to render an itemized statement of profits of said business so as to show what profits had accrued from said business. He prayed for one-half of any such profits, and for one-half interest in the furniture and other property belonging thereto; that the business and all the partnership properties be sold by order of court at either private or public sale; and that the moneys derived from such sale be applied, first, to the extinguishment of certain debts owing by the partnership, and that the balance be paid one-half to him and the other one-half to whomsoever it belonged. He also prayed for judgment against all the defendants for one-half of the profits of said business. He prayed in the alternative as follows:

"If he is not entitled to one-half interest in the profits of said business from July 7, 1916, then he prays judgment for the sum of $50 per month from said date for the use and rental of said property from defendants Stratos Christos, Alex. Seitanides, and John Coroneos, restraining these defendants from in any way disposing of plaintiff's interest in said property during the pendency of this suit or removing the same from its present location, and for such other and further relief both general and special in law and in equity to which plaintiff may show himself entitled."

Defendant John Gust answered admitting the formation and conduct of the partnership and business up to July 7, 1916, as alleged by plaintiff, except he alleges: That the partnership business was run at a loss, and that on said 7th day of July, 1916, said partnership owed various persons an aggregate sum of about $600 or $700 and had no money with which to pay the same or any part thereof. That he had tried to get plaintiff to join him in getting money with which to pay said debts, and that plaintiff refused to do so. That this defendant saw that he could no longer conduct the business, and that he did on behalf of himself and the plaintiff, D. Diamond, on July 7, 1916, sell the entire business to Pete Manuel and M. Tamaris, in consideration of the said Pete Manuel releasing his debt against the partnership in the sum of $135 for borrowed money and wages due him and in consideration of said Manuel and Tamaris assuming and agreeing to pay something in the neighborhood of $600 indebtedness due by the firm of Gust & Diamond. That said sale was in good faith and made for the purpose of paying the debts of the partnership; and that he got nothing whatever out of the consideration for which said property was sold. That he denies that there was any conspiracy on his part to in any way defraud the plaintiff, and that this defendant's action in the premises was the only thing that could be done to protect the indebtedness of the partnership. That he offered to deed the property to the said Diamond, or to sell him

⊘⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his interest in consideration of Diamond paying the bills or seeing that they were paid, and that the plaintiff, Diamond, refused all propositions made to him.

Defendant Alex. Seitanides answered denying that he was guilty of any conspiracy or fraud in the purchase of said business and its properties, and averred that the same was purchased by him in good faith for a valuable consideration without notice of any rights claimed by plaintiff, and that he is now the owner of said property and business. He also averred that he paid the debts due by Gust & Diamond, a part of which was a lien on said property. He also adopted the answer of his codefendant, John Gust, for the purpose of showing the dealings of the several parties with said properties.

The cause was tried before the court without a jury. The trial court found from the evidence: (1) That the one-half interest of plaintiff in said properties had not been divested out of him by the sale made by Gust, and that he still owned said one-half interest; (2) that the purchaser from Gust and his assigns had paid or caused to be paid an indebtedness against said property in the sum of $727 for which they should be reimbursed.

The court further found that the property could not be divided among those owning an interest therein, and that the same should be sold, as prayed for by plaintiff, and the proceeds divided between the parties at interest, and that to effect such sale a receiver should be appointed to make such sale and distribution.

Upon these findings the following judgment was entered:

"It is therefore considered, ordered, adjudged, and decreed that C. M. McWilliams be and is hereby appointed receiver, and it is further ordered that said receiver shall sell said property and divide the proceeds as follows: To defendants he shall pay $727.00 first, the balance remaining to be divided one-half to plaintiff and the other half to defendants. And it is further ordered that plaintiff do have and recover of and from the defendants herein all costs in this behalf expended, except that all costs incurred by the said receivership shall be paid in equal sums by plaintiff and defendants, for all of which let execution issue."

From this judgment appellant, D. Diamond, has appealed.

Appellees have filed cross-assignments which we shall dispose of before considering appellant's assignments.

[1] By their cross-assignments appellees insist that the trial court erred in holding that one partner of a nontrading partnership, such as the one involved in this suit is admitted to be, is without power to sell the entire partnership assets in payment of partnership debts, and in rendering judgment based thereon, to the effect that the sale made by John Gust, the partner who was managing the partnership business, to a third person, did not pass the title to the property so sold. That one partner of a trading partnership may lawfully, in good faith, sell the entire personal assets of the partnership for the purpose of paying the partnership debts, is well settled. Schneider & Davis v. Sansom, 62 Tex. 201, 50 Am. Rep. 521, and authorities there cited. But that one partner of a nontrading partnership has such power is not so clearly settled. Appellant contends that the law in this state is to the contrary in the later case, and cites the case of Huey v. Fish, 15 Tex. Civ. App. 455, 40 S. W. 29, in support of his contention.

We do not think that it is necessary for a proper disposition of appellees' cross-assignments that we should decide this precise question, as the assignment should be overruled for other reasons; but, if we were required to decide the question, we would be inclined to hold that in either case one partner has the power to sell the entire assets of the firm for its reasonable value in good faith for the purpose of paying the debts of the firm, when there are no resources of the firm accessible with which said debts could be paid.

We are not prepared to say that the trial court erred in his conclusions and judgment complained of.

[2] Appellant alleged that the property sold by Gust, his partner, without his consent, for $727, was of the value of $1,500; that it was not sold in good faith to pay the debts of the firm, but was sold for the purpose of defrauding plaintiff. The only evidence with reference to the value of the property was the testimony of the plaintiff, who said that it was worth $1,130.60. There was also testimony to the effect that Pete Manuel, one of the purchasers from John Gust, was the cousin of Gust; that Manuel came from Galveston on the 22d day of June, 1916, 14 days before the sale was made by Gust to him, and was with Gust from that time up to the date of the sale on June 7, 1916, and that, after Pete Manuel took possession of the business, John Gust was assisting him in running it. The evidence above cited, together with other incidents testified to by appellant, Diamond, was, we think, sufficient to support a finding by the court that the sale was not made in good faith for the purpose of paying the debts of the firm, but that the property and business was sold for less than its value and partly at least to defraud appellant.

As there is nothing in the record showing the reasons of the trial judge for holding the said sale void, and as such finding and judgment can be supported on the question of fraud, we do not feel justified in disturbing the same. The cross-assignments are overruled.

[3] By appellant's assignments 1, 2, and 3, it is contended as near as we can gather: First, that the trial court erred in refusing to allow plaintiff any compensation for the use of his one-half of said partnership property from the time defendant took possession thereof under the sale of John Gust on July 7, 1916, to date of trial; second, that the

court erred in finding that the indebtedness of the partnership of Gust & Diamond was $727, and in directing that the same should be first paid out of the proceeds of a sale of the property of said partnership before any part thereof should be distributed to the owners of such property, because the sum so found was excessive, in that the only sums which should have been allowed was $500, that being the balance of the purchase price of said property unpaid at the time of said sale by Gust; third, that the court erred in directing that $227 of said indebtedness of $727 should be paid out of the proceeds of the sale of said property, because said $227 was made up of indebtedness of said partnership which was not a lien upon said property, nor for any part of the purchase price thereof. .

At the suit of plaintiff and upon his allegations and prayer, the court set aside or in effect adjudged that the sale of the partnership property and business was void, and that appellant continued to own one-half interest in said property and business. If this be true, then certainly appellant would not be entitled to recover of his other partners the value of the use of his one-half of the partnership property but would be entitled to recover one-half of the property and one-half of the net profits of said business, after all debts of the firm are paid, and, as the undisputed evidence shows there were no profits, appellant should not recover anything for either the use of the property or for profits.

We have also reached the conclusion that the evidence shows that the parties who attempted to purchase the said property and business through John Gust assumed and paid the sum of $727 of the indebtedness of said firm of Gust & Diamond, which was assumed by them in good faith. We further conclude that under appellant's prayer for an accounting, sale of the property, and for an equitable adjustment of the rights of the parties, the trial court found that the purchaser from John Gust who assumed the payment and did pay $727 of the debts of the firm of Gust & Diamond should be first reimbursed out of the proceeds of the sale of the firm property, the sale of which was ordered upon the prayer of appellant.

[4, 5] Nothing is to be considered as the share of a partner but his proportionate part of the residue or balance after an account has been taken of the debts and credits, including the amounts paid by the several partners in liquidating firm debts. A partner who pays or is forced to pay more than his proportionate share of firm debts has a right to a general accounting and contribution from the assets of the firm or from his copartners, and therefore we conclude that the trial court did not err in so adjudging in the present case.

As appellant was a partner in the busi-

ness and had prayed for an accounting and an equitable adjustment of the affairs of the partnership business, for a sale of the property thereof, and for an equitable distribution of the proceeds of such sale among those found to be entitled thereto, the trial court properly directed that the debts of the copartnership should be first paid out of the proceeds of a sale of the partnership property before any part of the same should be paid to the partners.

Under the pleadings and prayer of the plaintiff and evidence adduced, it was an immaterial fact that $227 of the amount of the indebtedness of the partnership ordered to be first paid out of the proceeds of the sale of said property was not for any part of the purchase price of the property, but an unsecured debt of the partnership only.

[6] The settlement of partnership accounts, and an equitable division of the assets of the partnership among the partners, has always been one of the functions of a court of equity.

The contentions of appellant are overruled, and the judgment of the trial court is affirmed.

Affirmed.