**COLORADO RIVER SYNDICATE SUB-
SCRIBERS et al. v. ALEXANDER et ux.
(No. 7018.)**

(Court of Civil Appeals of Texas. Austin.
Nov. 17, 1926.)

**1. Judgment ⬤⟝143(2)—To set aside default,
movant must have good excuse for not de-
fending and have meritorious defense.**

To entitle party to vacate default, he must
have good excuse for not answering or making
defense at trial, and have a meritorious de-
fense.

**2. Judgment ⬤⟝138(2)—To vacate default,
movant must have been prevented from pre-
senting timely defense by fraud, accident, or
mistake, unmixed with his negligence.**

To vacate default, movant must show he
was prevented from presenting defense in time
by fraud, accident, or mistake, unmixed with
his negligence.

**3. Judgment ⬤⟝143(7)—Mistaken belief that
party had employed counsel held insufficient
to vacate default.**

Party's mistaken belief that he had em-
ployed counsel to take charge of his case is in-
sufficient grounds to vacate default.

**4. Judgment ⬤⟝143(1)—Absence of defend-
ant's attorney from state held not to excuse
him from employing other attorneys, as re-
gards right to set aside default.**

Absence of defendant's attorney from state,
even when employed, held not to excuse him
from employing other attorneys to represent
him on appearance day, as regards right to set
aside default.

**5. Judgment ⬤⟝143(12)—Defendants held neg-
ligent in not filing answers precluding right
to have default set aside.**

Allegations that named attorney had for
several years represented defendant, and that
it did not undertake to have answers filed,
and was under impression that it had arranged
with attorney for filing answers, held to show
negligence precluding right to have default judg-
ment set aside.

**6. Judgment ⬤⟝134—Permitting default judg-
ment admitted existence of partnership.**

In suit against syndicate, alleging it to be
a partnership, permitting default judgment held
admission of existence of partnership.

**7. Partnership ⬤⟝244, 275—Generally, death
of partner dissolves partnership, and surviv-
or has power and duty to wind up business.**

Generally, unless articles of partnership
provide otherwise, death of partner dissolves
partnership, and survivor has power and duty
of winding up business.

**8. Partnership ⬤⟝258(6)—In suit against firm
for debt created while members were living,
legal representatives of deceased partners
need not be joined.**

In suit against partnership for partnership
debt created while members were living, it is
unnecessary to join heirs or legal representa-
tives of deceased partners.

**9. Judgment ⬤⟝126(4)—Statement of account,
indorsed by defendant as true and correct,
held a liquidated demand and sufficient proof
to support default (Rev. St. 1925, arts. 2157,
3736).**

Indorsement by defendant's secretary that
statement of demand was true and correct held
to make it a liquidated demand, correctness of
which was not denied, and sufficient to support
judgment by default, in view of Rev. St. 1925,
arts. 2157, 3736.

Appeal from District Court, Dallas Coun-
ty; Kenneth Foree, Judge.

Action by E. C. Alexander and wife against
the Colorado River Syndicate Subscribers
and others. Default judgment for plaintiffs.
From the judgment denying defendants' mo-
tion for a new trial and to set aside the de-
fault, they appeal. Affirmed.

Stennis & Stennis and J. H. Synnott, all
of Dallas, for appellants.

Currie McCutcheon, of Dallas, for appel-
lees.

BAUGH, J. E. C. Alexander and wife,
Leone Alexander, sued the Colorado River
Syndicate, alleging same to be a partner-
ship, composed of several named individuals,
and also sued Nathan Adams and Alex San-
ger, individually as well as in the capacity of
partners, for the sum of $934.50, for services
rendered by said E. C. Alexander to said
syndicate during 1917 and 1918. On October
18, 1921, none of the defendants having an-
swered, the court rendered an interlocutory
judgment by default with a writ of inquiry.
On October 28, 1921, and before a hearing on
the writ of inquiry, appellants filed a mo-
tion for a new trial and to set aside the de-
fault judgment and also a general demur-
rer and a general denial. Neither the mo-
tion nor the answer were verified. On De-
cember 21, 1921, Nathan Adams and Alex-
ander Sanger filed an amended motion to set
aside the default judgment, in which they
seek to excuse their failure to employ coun-
sel to file an answer, and in which they deny
that the Colorado River Syndicate is a part-
nership. Nowhere is it denied that Alexan-
der performed the services for the syndicate
or that he was due the amount sued for;
nor is the syndicate a party to said amended
motion.

The only ground on which they seek to ex-
cuse their failure to file an answer is that
Jed C. Adams had for several years repre-
sented said syndicate as its attorney; that
the said Nathan Adams did undertake to
have answers filed and "was under the im-
pression that he had conferred with the said
Jed C. Adams by telephone or otherwise and
arranged with him for the filing of answers.
* * *" The appellants were served with
citation on August 18, 1921. In their veri-
fied motion they allege:

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That they have since learned that the said Jed C. Adams left the state during the latter part of July and was gone until some time in September on a trip to France."

Judgment was not taken until October 18th, long after his return. There is no showing that any of the defendants, appellants here, ever employed Jed C. Adams or any one else to represent them; nor is Jed Adams shown to have represented them in any of these proceedings after his return.

[1-4] It is well settled that, to entitle a party to vacate a default judgment against him, two things must appear: (1) That he has a good excuse for not answering or mak· ing his defense on the trial; and (2) that he has a meritorious defense (Lawther Grain Co. v. Winniford [Tex. Com. App.] 249 S. W. 195), or, to state it differently, that he was prevented from presenting his defense in time, by some fraud, accident, or mistake, unmixed with negligence on his part (Stoudenmeier v. Bank [Tex. Civ. App.] 246 S. W. 761). A party's mistaken belief that he had employed counsel to take charge of his case is not sufficient grounds to vacate a default judgment. Ames Iron Works v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665. Nor does the absence of his attorney from the state, even when employed, excuse him from employing other attorneys to represent him on appearance day. S. W. Surety Ins. Co. v. Ry. Co. (Tex. Civ. App.) 196 S. W. 276.

[5] In the instant case, from their own motion, we think appellants have shown themselves negligent in the matter. That being true, it is unnecessary to consider the merits of their defense. In passing, however, we may say that in our opinion their motion fails to disclose a meritorious defense.

[6-8] The questions remaining are, Do the pleadings and the proof sustain the judgment? Appellants contend that under appellees' pleadings the partnership, conceding that it existed, was dissolved in that appellees pleaded the death of two of the partners prior to the filing of the suit. In permitting the default judgment, the existence of the partnership was admitted. 34 C. J. 173, and Texas cases there cited. As a general rule, unless the articles of partnership provide otherwise, death of a partner dissolves the partnership. 30 Cyc. 653. And in such case the survivor, or survivors, have the power and duty of winding up the partnership business. 30 Cyc. 658; Roberts v. Nunn (Tex. Civ. App.) 169 S. W. 1086. And, in a suit against the partnership for a partnership debt created while the members were living, it is not necessary to join the heirs or legal representatives of the deceased partners. Lovelady v. Bennett (Tex. Civ. App.) 30 S. W. 1124. And as stated by Chief Justice Huff, in Roberts v. Nunn, supra (writ of error refused):

"A dissolved partnership continues in force in legal contemplation for the purpose of winding up its affairs until a full settlement has been had and all outstanding liabilities have been met."

Appellees' pleadings were sufficient to sustain the judgment rendered.

[9] Appellants next insist that appellees' claim was an unliquidated demand, not a verified account authorized to be established under article 3736, R. S. 1925, and must be established by competent evidence under article 2157, R. S. 1925, and that the record fails to disclose competent evidence to sustain the judgment. This contention is not sustained. Appellees introduced a statement, dated February 2, 1918, as follows:

"Dallas, Texas, February 2, 1918.

"The Colorado River Syndicate Subscribers, John N. Simpson, Chairman, to E. C. Alexander, Dr.

| To salary and expenses for services rendered from July 1, 1917, to February 1, 1918 | $1,359 50 |
| Less cash payment, November 12, 1917 | 250 00 |
| | $1,109 50 |
| Less cash by Nathan Adams, Feb. 2, 1918 | 175 00 |
| | $ 934 50 |

"The State of Texas, County of Dallas.

"Before me, the undersigned authority, on this day personally appeared E. C. Alexander, who being by me duly sworn, on oath says that the foregoing and annexed account in favor of himself, the said E. C. Alexander, for the sum of nine hundred thirty-four and 50/100 dollars ($934.50) is, within the knowledge of affiant, just and true, that it is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed. [Signed] E. C. Alexander.

"Sworn to and subscribed before me this 2d day of February, A. D. 1918. [Signed] J. C. Bird, Notary Public, Dallas County, Texas.

"The above statement of my own personal knowledge is true and correct. [Signed] Nathan Adams, Secretary of Colorado River Syndicate Subscribers."

Taken as a verified account under the statute, there may be doubt as to its sufficiency. But the indorsement that the statement is true and correct, signed by Nathan Adams, in his official capacity as secretary of appellant syndicate, makes it clearly, we think, a liquidated demand in favor of E. C. Alexander against the syndicate, the correctness of which is nowhere denied by the syndicate, and certainly sufficient proof as against a default. The case of Goodman v. Sanger Bros. (Tex. Civ. App.) 250 S. W. 248, is not in point here. In that case the verified account filed in evidence was against Goodman & Fisher Company, alleged to be a corporation, and judgment was rendered against Abe Goodman individually. Clearly there the evidence did not support the judgment. No such facts exist in the instant case. It was also shown that Nathan Adams had orally on several occasions admitted the justness of said account, and stated that the syndicate would pay every cent of it. The-

testimony of Mrs. Alexander that the account had been assigned to her by E. C. Alexander was sufficient.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.