**RAMON v. RAMON et al.   (No. 8053.)**

Court of Civil Appeals of Texas.   San Antonio.
Oct. 17, 1928.

Rehearing Denied Nov. 14, 1928.

E. T. Yates, of Brownsville, for appellant.
H. B. Galbraith, of Brownsville, and Thos. G. Patteson, of Cooper, for appellees.

FLY, C. J.   Matias Ramon, Manuella Ramon, Refugio Ramon, and Ruperto Ramon instituted this suit against appellant, Eulalie Ramon, to compel a sale and division of certain property belonging to a parnership which consisted of Francisco Ramon, deceased husband of appellant, and Matias Ramon, in the grocery and feed-

stuff business in Brownsville. The property was alleged to consist of lot 1, block 12, city of Brownsville, an automobile, a stock of groceries and goods of various kinds, and notes and accounts. It was alleged that the partnership was indebted in the sum of $1,000. The cause was submitted to a jury on special issues, and on the answers judgment was rendered vesting the title to the lot in the partnership composed of Matias Ramon and Francisco Ramon, one-half in each partner; that out of the Francisco Ramon half Eulalie Ramon had ten-sixteenths interest, Matias Ramon one-sixth interest, Manuella Ramon a one-sixth interest, Refugio Ramon a one-eighteenth interest, and Ruperto Ramon a one-eighteenth interest; that the whole lot was incumbered with a debt for part of the purchase money in the sum of $185. The judgment permitted improvements put on the lot by Matias Ramon and Eulalie Ramon to be removed from the land before it was sold. It was also decreed that a half interest owned jointly by Matias Ramon, Eulalie Ramon, and the other parties named was not subject to partition, and that the half interest is subject to a debt due Eulalie Ramon, and the other half interest is subject to a debt in favor of said Eulalie; and the one-half interest belonging to the heirs of Francisco Ramon was subject to a debt in favor of Matias Ramon. The personal property was divided equally between Matias Ramon and Eulalie Ramon. It was also decreed that the land was not susceptible of a fair and equitable division, and should be sold for partition and payment of debts due on it. Matias Ramon was placed in possession of the business to wind it up and liquidate the indebtedness of the partnership.

The jury found that a partnership in the grocery business was formed between Matias and Francisco Ramon, and that each contributed equally to the cost of initiating and conducting the business; that, after the initial expenditure, Matias contributed $7 to the business; that the lot was the property of Francisco and Matias Ramon; and that $488 out of the funds of Francisco and Matias were paid on the lot.

The facts sustain the findings of the jury as well as those found by the trial judge from uncontroverted testimony, as set out in the judgment. Francisco went into possession of the land, made improvements on it for himself and the partnership. His possession was open and recognized by the parties who conveyed the land to him and promised to execute a warranty deed.

■ The contract to convey the land recited that for the consideration stated the owner of the land, "parties of the first part, have this day bargained and sold and do by these presents bargain, sell and obligate themselves to convey" the land to Francisco Ramon. The instrument evidenced a sale of the land to Ramon and bound the vendors to execute a deed to the land when the payments were made, as provided in the contract of sale. No default was made in any payment and a large portion of the purchase money had been paid when Francisco Ramon died. The land was in the exclusive possession of the vendees and they were using and enjoying the same, their possession and use being recognized by the vendors as lawful and proper. The contract was one that could be enforced by an action of specific performance. Patton v. Rucker, 29 Tex. 402; Schneider v. Hildenbrand 14 Tex. Civ. App. 34, 36 S. W. 784; Bullion v. Campbell, 27 Tex. 653. As said by Judge Moore in the last cited case, referring to contracts to convey land: "The primary object of contracts, such as the one upon which this action is founded, is to secure a title to land." The plaintiff in that suit recovered the land on such a contract. The contract in this case conveyed an equitable title to the land to Francisco Ramon, for land bought by him for himself and Matias, for partnership purposes and paid for out of partnership funds.

■ The law of descent and distribution does not provide that all the personal property belonging to a partnership of which her deceased husband was a member shall pass to the wife, but applies only to personal property owned by the husband. This is said in view of the contention that all the rights of Francisco Ramon and Matias Ramon created by the contract of sale was personal property, and descended to the wife.

■ We do not agree that the rights in the land constituted personal property, but hold that the purchasers of the land had an equitable title to the land, created by the execution of the contract to convey, the payment of a large part of the purchase money, and the possession and improvement of the estate. We have seen no case that holds adversely to this ruling. The cases cited by appellant are not applicable to the facts of this case. The cases as to the sale of school lands are governed by peculiar statutes which do not apply to sales between individuals, and consequently the school land cases relied on by appellant have no application to this case. In the case of Stitzle v. Evans, 74 Tex. 596, 12 S. W. 326, relied upon by appellant, it is held:

"Under a bond for title, or a mere agreement to convey upon payment of the purchase money, the payment perfects the equitable title."

It was not held that an equity in land was personal property.

We overrule all of the assignments of error, and affirm the judgment.