ESTATE OF EUGENE L. BENDER, DECEASED, CHARLES A. BAHR, SR. AND GEORGE HAMMAN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91556. Promulgated January 16, 1940.

*W. F. Tarver, Esq.*, and *R. C. Fulbright, Esq.*, for the petitioners. *Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $84,951.55 in estate tax of the above named estate. The following errors have been assigned in the petition:

1. The Commissioner of Internal Revenue erred in his method of computing the deduction for property previously taxed in that he used the net estate of the prior decedent as a basis in determining this deduction whereas he should have used the gross estate.

2. The Commissioner erred in reducing the deduction for debts evidenced by notes on partnership property from three-fourths of $406,000.00 to one-half of $406,000.00.

3. The Commissioner erred in disallowing the deduction of $40,000.00 which sum was paid to settle a claim against the Estate in the form of Mrs. Blanche Bender's interest in miscellaneous community property holdings which came into this Estate from the Estate of Frank V. Bender.

4. The Commissioner erred in disallowing the deductions of $61,464.50 and $44,902.40 for Federal Estate tax and State Inheritance taxes, respectively, of the Estate of Frank V. Bender, which amounts became debts of the Estate of Eugene L. Bender.

The parties have stipulated the facts and the Board hereby adopts the stipulation as the findings of fact in this proceeding.

The decedent died on December 1, 1934. His brother, Frank V. Bender, died testate on March 18, 1934. All of the estate of the brother, after excluding the community interest of his wife, was left to the decedent. The two brothers were partners until the death of Frank terminated the partnership. Each owned a one-half interest

in the partnership. The Commissioner determined that the value of the gross estate of Frank was $913,147.40 and allowed deductions of $150,650.29, exclusive of specific exemptions, in determining the estate tax liability of Frank's estate.

The Commissioner, in determining the present deficiency, has held that the value of property identified as previously taxed, that is, the value of the decedent's interest in the estate of his brother at the time of the death of the decedent, was $649,706.88. He arrived at that figure by deducting $150,650.29, the deductions allowed the estate of Frank, and $108,992.81, Federal estate tax and state inheritance tax on the estate of Frank, from $909,349.98. He included the amount of $649,706.88 in the gross estate of the decedent, representing property identified as previously taxed, and he used the same amount in computing the deduction under section 303 (a) (2) of the Revenue Act of 1926, as amended.

He did not allow the estate of this decedent deductions for Federal estate tax and the state inheritance tax upon the estate of Frank. He allowed a deduction of $203,000 for "notes of partnership property" instead of $304,500 claimed on the return, and he did not allow a deduction of $40,000, or any part thereof, on account of the "amount paid Mrs. Blanche Bender for additional interest in community property." The following explanation was given in the notice of deficiency for the adjustments just mentioned:

A deduction is allowed in this estate for only one-half of the notes on partnership property for the reason that the estate of Frank V. Bender is liable for one-fourth and Mrs. Blanche Bender is liable for one-fourth. The one-fourth liability of the estate of Frank V. Bender on the partnership notes and the Federal and State estate and inheritance taxes of the estate of Frank V. Bender are considered in determining the value of the interest of the decedent in the prior estate.

The amount paid Mrs. Blanche Bender for an additional interest in community property in the estate of Frank V. Bender is not a proper deduction in this estate.

The petitioners in their brief state the points upon which they rely as follows:

(1) The deduction authorized by Section 303 (a) (2) of the Revenue Act of 1926, as amended, is measured by the value of the property inherited from the prior decedent as included in the gross estate of the prior decedent, if said value remains unchanged, to the extent that liens, which existed at the death of the prior decedent, with respect thereto have not been discharged by the time of the death of the present decedent; and said gross value must be used in the ratio by which the arbitrary reduction of the amount otherwise deductible under said Section 303 (a) (2) is effected.

(2) Any and all claims and indebtedness, in respect to property included in the decedent's estate at its gross value, for which decedent's estate is liable constitute lawful and proper deductions under Section 303 (a) (1) of the Revenue Act of 1926, as amended.

The Commissioner, in determining the deficiency, has included in the gross estate of the present decedent, Eugene, $649,706.88, representing the value of the property which Eugene was entitled to receive under the will of his brother Frank, and the Commissioner has used that same figure in computing the deduction under section 303 (a) (2) allowed the estate of Eugene. The first point of the petitioners is that a much larger gross figure should have been used in computing the deduction under section 303 (a) (2). They make no reference to the question of whether or not the same larger amount should be included in Eugene's gross estate. Section 303 (a) (2) contains a provision that the deduction shall be allowed "only to the extent that the value of such property is included in the decedent's gross estate." Clearly, the petitioners, in order to make their contention under section 303 (a) (2), would have to concede that the same larger figure should be included in the decedent's gross estate. But if the larger amount were used both places, the contention of the petitioners under section 303 (a) (2) would tend to increase the deficiency rather than reduce it. We are puzzled to know why this situation was not recognized and disclosed in the petitioners' brief. The only benefit which they can gain from this proceeding is the allowance of the deductions which they claim in the second, third, and fourth assignments of error. Perhaps their contention on the first point is a concession against interest, made so that their claim for the latter deductions may appear more reasonable. Since a favorable decision on the first point can not of itself result in any benefit to the petitioners, and since the Commissioner is contending that his own method, which results in a smaller deficiency, is correct, it is really not an issue which requires or justifies a decision by the Board unless and except as it may have some bearing upon the other issues.

The remaining assignments of error refer to deductions claimed for the Federal estate and state inheritance taxes on the estate of the prior decedent, for $40,000 paid to the widow of the prior decedent, and for one-fourth of the notes secured by partnership property. The petitioners do not refer specifically to any of these items in their argument, but claim generally that "all of the liabilities as of the date of death of Eugene Bender which the estate of Eugene Bender has to satisfy, are deductible obligations in computing the net estate." It does not appear that any of the items contained in the second, third, and fourth assignments of error have to be satisfied out of the estate of Eugene. The only explanation in the record of the item of $40,000 is the explanation given in the notice of deficiency, and the record offers no justification whatsoever for the contention that the Commissioner erred in disallowing that deduction. The Federal estate and state inheritance taxes were charges against the estate of

Frank. The fact that the estate of Frank was not settled at the time of Eugene's death and the taxes might have to be paid out of partnership property, is immaterial in view of the fact that the taxes on Frank's estate were payable out of his estate, which had ample funds to pay them. The present decedent was entitled to receive what was left of the estate of his brother after those taxes and other items had been paid.

The Commissioner has allowed the estate of this decedent to deduct one-half of the partnership debts represented by the notes. The notes were secured by partnership property. Only one-half of that property belonged to the decedent. One-fourth had belonged to Frank and the other one-fourth belonged to his wife under the community property laws. The Commissioner allocated the liabilities on the notes in proportion to the interests of the three parties in the property securing the notes. His action seems entirely proper under the circumstances. The petitioners do not claim any deduction on account of the portion of the notes allocated to Frank's wife, but claim that the one-fourth of the debts allocated to the estate of Frank is deductible by the present decedent. Here again it must be pointed out that Frank's estate was entirely solvent and far more than sufficient to pay his full share of the partnership notes. Thus it appears that the estate of Eugene will not have to pay more than the amount of those debts which has been allowed the estate as a deduction.

The Commissioner included in the gross estate of this decedent not the gross estate of the brother, but the net amount after reducing that estate by amounts necessary to pay all taxes, expenses, and debts due from that estate, including the one-fourth of the partnership debts here in controversy. That action of the Commissioner was entirely proper under section 302 (a) and resulted in including in the estate of the present decedent his interest at the time of his death in the estate of his brother. His interest a that time was merely a right to receive a net amount after all of the taxes, expenses, and debts due from his brother's estate had been paid. Likewise, the Commissioner correctly used the same net amount in computing the deduction under section 303 (a) (2) for property previously taxed within five years. Finally, he did not err in disallowing any additional deduction for partnership debts.

The petitioners seem to think that the following provision of section 303 (a) (2), as amended, has some bearing upon their claim of a right to deduct a larger portion of the debts of the partnership secured by the notes:

Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid.

The purpose of that language was to make certain that any increase in the equity or ownership of encumbered property, which the property might represent in the hands of the second decedent at the time of his death over what it had represented in the hands of the first decedent at the time of his death, would not escape tax as a part of the estate of the second decedent merely because the property itself could be traced from the estate of the first decedent into the estate of the second decedent. The language does not indicate that Congress intended anything more by inserting the provision. Although a small amount was paid on the partnership debts prior to the death of the present decedent, the petitioners do not demonstrate how that circumstance affects the second issue. Even if one-fourth of the partnership notes actually had been collected from the estate of Frank, that circumstance would be no reason for allowing the amount as a deduction to the estate of Eugene. Full and complete recognition has been given by the Commissioner to the share of the partnership debts allocated to the estate of Frank by deducting that portion of the debts from the estate of Frank in computing the value of Eugene's interest in that estate to be included in the gross estate of Eugene under section 302 (a).

*Decision will be entered for the respondent.*