## RANSBOTTOM'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9897.

Circuit Court of Appeals, Sixth Circuit.

April 2, 1945.

E. B. Graham, of Zanesville, Ohio, for petitioners.

Leonard Sarner, of Washington, D.C. (Samuel O. Clark, Jr., Sewall Key, and A. F. Prescott, all of Washington, D.C., on the brief), for respondent.

Before HICKS, SIMONS, AND ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented in this appeal is whether the Commissioner properly applied § 812(c) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code § 812 (c), in computing in an estate tax the net allowable deductions for property previously taxed.

The facts as stipulated are adopted by the Tax Court, and so far as material are as follows: Frank M. Ransbottom, hereinafter called the prior decedent, died February 28, 1937, leaving a will under which his entire estate passed to his widow, Lizzie M. Ransbottom, who died March 4, 1940. The estate of the prior decedent was indebted in considerable amounts, and in the tax return filed for his estate deductions were claimed for mortgages and liens in the aggregate amount of $54,777.78. Included in this amount, which was allowed in full by the Commissioner in his determination of the estate tax liability of the prior decedent's estate, were two promissory notes, both executed by the prior decedent, one in the amount of $10,000 payable to John Ransbottom, secured by 62½ shares of Ransbottom Brothers Investment Company common stock, the value of which at the time of the death of the prior decedent was $1,875, and a second, payable to the First National Bank, Zanesville, Ohio, in the amount of $19,650, on which $19,089.67 was payable at prior decedent's death, which was secured by 307¼ shares of Charminel Hotel Company common stock, and 10 shares of First National Bank, Zanesville, Ohio, stock, the aggregate value of which at the death of the prior decedent was $6,608.75. The secured indebtedness in the total amount of $29,089.67 was paid in full prior to the decedent's death from proceeds realized from the sale of assets of the prior decedent's estate, and the stocks which secured the notes were delivered in kind to the decedent free from any liens.

The petitioners contend that for the purpose of computing the allowable net deductions under § 812(c) for property previously taxed they are entitled to use the value of the assets received by the decedent from the estate of the prior decedent, or $105,173.75. The Commissioner contends, and the Tax Court held, that this amount should be reduced by the sum of $29,089.67, which represents the aggregate amount of the secured indebtedness of the prior decedent which was paid prior to the

death of the decedent. The Commissioner's contention and the Tax Court's decision are based upon § 812(c) of the Internal Revenue Code, which in its material portions reads as follows:

"Where a deduction was allowed of any mortgage or other lien in determining the * * * estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid."

The petitioners contend that the above-quoted provision does not apply to this controversy, urging that the deduction of $29,089.67 allowed to the prior decedent's estate was not a deduction for a mortgage or lien, but was allowed as general indebtedness of the estate. This contention cannot be sustained. The stipulation joined in by counsel for petitioners and the finding of the Tax Court is that deductions were claimed "for mortgages and liens" in the aggregate amount of $54,777.78, including the $29,089.67 in controversy, and allowed by the Commissioner in his determination of the estate tax liability of the prior estate.

Petitioners also contend that § 812(c) does not apply since the liens were not released by any act of the beneficiary, but were cancelled by virtue of the fact that the executors of the prior estate paid off the indebtedness before the prior estate was settled and before the beneficiary came into possession. This contention also has no merit. To uphold it would require that we insert into the statute a limitation which it does not contain. The controlling provision of § 812(c) does not require that the deduction be paid in whole or in part by the beneficiary in order to become operative. The purpose of the section is to avoid a double estate tax within five years on items of property that can be identified as having been received by the decedent by bequest, devise or inheritance from the estate of an earlier decedent. Bahr v. Commissioner of Internal Revenue, 5 Cir., 119 F.2d 371, 374; Commissioner of Internal Revenue v. Garland, 1 Cir., 136 F.2d 82, 83. In order to equalize the situation resulting when a mortgage or other lien has been allowed as a deduction in the prior estate, the statute requires that the allowable deduction under § 812(c) be reduced by the amount of any mortgage or

282

other lien paid prior to the death of the decedent, and explicitly compels the decision rendered.

It also is immaterial that the value of the collateral was substantially less at the time of its deposit than the amount of the indebtedness. The collateral secures the entire debt. At the time of the decedent's death each of the items had appreciated substantially in value, the stock pledged for payment of the $19,650 note having appreciated approximately fifty per cent of its value at the death of the prior decedent. But this feature of the case is not decisive. Since the executors took and were allowed a deduction of the full amount of the obligations regardless of the value of the collateral pledged, under the plain wording of § 812(c) the deduction allowable is reduced by the full amount paid, namely, $29,089.67.

The decision is affirmed.